THE BIGELOW COMPANY *v.* JOSEPH WASELIK

THE BIGELOW COMPANY *v.* PASQUALE CICARELLI

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued November 12—decided December 5, 1946

*James F. Rosen* and *Jerome Hershey,* for the appellants (defendants).

*Samuel A. Persky,* for the appellee (plaintiff).

*Harry Silverstone,* assistant attorney general, for the unemployment commissioner.

BROWN, J. The appeals in these cases present the same question and were heard together. The defendants were discharged from the plaintiff's employ. They applied for and were awarded unemployment benefits by the examiner. The plaintiff appealed to the unemployment commissioner on the ground that the period when benefits became due should have been deferred because the defendants had been discharged for "wilful misconduct." The purpose of the appeal in each case was to insure to the plaintiff the benefit of the fact that the discharge was for that cause upon its merit rating under General Statutes, Cum. Sup. 1939, § 1337e, as amended by § 713f, Sup. 1941, and § 961h, Sup. 1945. The commissioner sustained the plaintiff's appeals, and the defendants thereupon appealed to the Superior Court, which dismissed their appeals and affirmed the commissioner's decision. From these judgments the defendants have appealed to this court. The question as presented to us is: Was the commissioner's conclusion one which he could reasonably and properly reach?

The material facts in the commissioner's finding may be thus summarized: The plaintiff is a manufacturer of boilers and employs about 100 men in its plant in New Haven. Each person upon entering the plaintiff's employ is given a handbook of "Information for Employees," receipt of which is acknowledged in writing. The working hours of the employees are checked by means of time cards inserted for

stamping in a time clock, and each employee is required to record the time of his entering or leaving by punching this clock. The lunch hour is from 12 to 12:30 p.m., but a warning whistle is sounded at 12:25. On September 17, 1945, the defendants reported for work at the end of the lunch hour, Waselik punching in at 12:29 and Cicarelli at 12:30 p.m. From 12:31 until about 12:50 both defendants went about the plant presenting cards to other employees for their signatures, which signatures would indicate a desire for union membership. Approximately sixty-five employees had been solicited before the defendants were made to desist and report to the superintendent's office. There they were discharged from the plaintiff's employ for violating rule 18 in the handbook. This reads: "Subscriptions, Campaigns, etc. In the interest of its employees, the Company has found it necessary to prohibit the taking up of subscriptions or solicitations on behalf of any organizations unless authorized by the management." This rule was applicable only to the time during which the employees involved were being paid by the plaintiff. The defendants had obtained no permission to solicit the plaintiff's employees.

The defendants' contention, that the commissioner's finding that they "solicited" their fellow employees is unwarranted, is without merit. "Solicit" means "to entreat; importune; . . . to approach with a request or plea; to seek . . . actively." Webster's New International Dictionary (2d Ed.). There was direct testimony as to solicitation of several employees by Waselik, and sufficient evidence that both defendants distributed these union membership application cards, talked to the distributees to get them to sign and outside the gates later in the

day collected sixty-five of the cards which were signed. The defendants are entitled to no correction of the finding.

The errors assigned in the court's dismissal of the defendants' appeals from the commissioner present to this court for determination a single question, which, as stated in the opening sentence of their brief, is whether or not the defendants were "discharged for wilful misconduct in the course of employment, and consequently are disqualified for unemployment compensation benefits for the statutory period, as provided for in" § 710g (2)(B) of the 1943 Supplement to the General Statutes. Its answer depends upon the meaning of the words "wilful misconduct in the course of his employment" as used in the statute. Section 718f of the 1941 Supplement to the General Statutes, which § 710g amended, makes provision for a waiting period as a prerequisite of recovery in every case, and its subdivision (4), presently relevant, defines a "waiting period week" as one "with respect to which [an unemployed individual] has received no benefits but during which he was eligible for benefits in all other respects and was not ineligible for benefits under any provision of subsection (b) hereof." The portion of this subsection (b), as amended by § 710g, pertinent to the issue presented to us, reads: "Disqualifications. An individual shall be ineligible for benefits . . . (2) during the week in which . . . [the employee] has . . . (B) been discharged for wilful misconduct in the course of his employment, and for the next four following weeks, none of which shall count towards the waiting period provided for in subdivision (4) of subsection (a) hereof." The defendants concede that the plaintiff had the right to discharge

308

them, but claim that they were not guilty of any such "wilful misconduct" as would justify a discharge on that ground and so automatically defer their unemployment benefits for four weeks under the above provision.

While this court has not been called upon to determine what constitutes "wilful misconduct" under this statute, we have passed upon the meaning of "wilful and serious misconduct" on the part of an injured employee which under the Workmen's Compensation Act, § 5226 of the General Statutes, precludes an award of compensation. Thus in *Gonier* v. *Chase Companies, Inc.*, 97 Conn. 46, 115 A. 677, we said (p. 55): "Misconduct is any improper or wrong conduct. . . . By wilful misconduct is meant either intentional misconduct, that is, such as is done purposely with knowledge, or misconduct of such a character as to evince a reckless disregard of consequences to himself by him who is guilty of it." And further, at page 57, we stated: "Mere violation of a rule does not always constitute wilful misconduct. To have that effect the disobedience must have been deliberate, not merely a thoughtless act on the spur of the moment. . . . The breach of a rule by one who knows at the time that he is breaking the rule is a wilful breach; but if by direct proof, or out of the circumstances, it appears to have been the result of thoughtlessness or inadvertence, the breach cannot be held to have been wilful." It follows that improper or wrong conduct which is intentional, that is, such as is done purposely with knowledge, constitutes wilful misconduct, and therefore the deliberate violation of a reasonable rule in connection with work is sufficient to constitute wilful misconduct. See *Sharkiewicz* v. *Cushman Chuck Co.*, 11 Conn. Sup.

221, 224; 55 Yale L. J. 147, 162; 1 P. H. Social Security Tax Service ¶ 27,806.5; 2 C.C.H. Unemployment Ins. Service ¶ 1970. The case of *Boynton Cab Co.* v. *Neubeck*, 237 Wis. 249, 296 N. W. 636, relied upon by the defendants, is not authority to the contrary, for the employee's misconduct in that case amounted to no more than inefficiency, inadvertence, or negligence. See p. 260. ". . . what is wilful misconduct is a question of fact." *Gonier* v. *Chase Companies, Inc.*, supra, 57.

Whether in the instant case the conclusion that these defendants were guilty of wilful misconduct was warranted depends upon whether their conduct, detailed in the finding and violative of the plaintiff's rule, could be held reasonably to amount to a deliberate violation of a reasonable rule within the principles stated in the preceding paragraph. For some twenty minutes the defendants in soliciting their fellow employees were engaged in purposes from which the plaintiff derived no return although the men involved were being paid by it for this time. The interference with production implicit in such conduct is manifest, even aside from the direct testimony of it in the record, and is sufficient to show not only that the rule in question, which was designed to guard against such interference, was reasonable but also that its violation by the defendants was material and amounted to improper or wrong conduct, that is, misconduct. The finding leaves no doubt that this misconduct was intentional rather than thoughtless or inadvertent, and so was deliberate, for the finding shows that both defendants were familiar with the rule but, notwithstanding, intentionally disregarded it to serve their own purpose. That this purpose was to augment the membership of a labor union is of no

significance upon the record before us. In this connection, however, as indicative of the reasonableness of the rule in the instant case, it is interesting to note that the federal courts have repeatedly held that under the Wagner Act, so-called, a rule forbidding solicitation for union membership during working hours is not only reasonable but the discharge of an employee by the employer for violation of it is not "an unfair labor practice." See *Midland Steel Products Co.* v. *National Labor Relations Board,* 113 F.2d 800, 805; *National Labor Relations Board* v. *William Davies Co.,* 135 F. 2d 179, 182; *Carter Carburetor Corporation* v. *National Labor Relations Board,* 140 F. 2d 714, 716; *National Labor Relations Board* v. *Empire Furniture Corporation,* 107 F. 2d 92, 95. The conclusion of the commissioner that the defendants were guilty of wilful misconduct within the meaning of § 710g (2) (B) of the 1943 Supplement was fully warranted.

The defendants have filed a motion in this court asking that the unemployment compensation administrator be ordered to pay their expenses upon these appeals under § 1341e (h) of the 1939 Supplement. Not only was no such claim made in the Superior Court but a further sufficient answer to it is that in so far as appears the administrator has neither ruled nor been requested to rule upon the granting of such an allowance. The motion is denied.

There is no error.

In this opinion the other judges concurred.