Thomas C. Guest *v.* Administrator, Unemploy-
ment Compensation Act, et al.

Superior Court     Middlesex County     File No. 14637

Memorandum filed March 7, 1961

*George R. Tiernan,* of New Haven, for the plaintiff.

*Albert L. Coles,* attorney general, and *Harry Silverstone,* assistant attorney general, for the Administrator, Unemployment Compensation Act.

MacDonald, J. Claimant, who had worked for several years at Vocaline Company, was discharged on September 7, 1960, for violating a company rule, known to claimant, forbidding fighting on the company premises, having struck a supervisor who, according to the finding of facts, had called claimant a "queer." Claimant registered for work and filed a claim for unemployment benefits as of September 11, 1960, but the examiner disapproved claims from September 4 to October 8 on grounds of a discharge for wilful misconduct under § 31-236 (2) (b) of the General Statutes, this decision having been affirmed by the commissioner on November 7, 1960, after a hearing at Middletown, from which decision this appeal was taken. The sole question is as to whether the commissioner's conclusion was reasonable on the facts before him.

In *Bigelow Co.* v. *Waselik,* 133 Conn. 304, 308, our Supreme Court, in deciding whether or not violation of a company rule constituted wilful misconduct within the meaning of this statute, stated: " 'The breach of a rule by one who knows at the time that he is breaking the rule is a wilful breach; but if by direct proof, or out of the circumstances, it appears to have been the result of thoughtlessness or inadvertence, the breach cannot be held to have been wilful.' It follows that improper or wrong conduct which is intentional, that is, such as is done purposely with knowledge, constitutes wilful misconduct, and therefore the deliberate violation of a reasonable rule in connection with work is sufficient to constitute wilful misconduct." At page 309, the court uses the following language that would appear to summarize the question presented here: "Whether in the instant case the conclusion that these defendants were guilty of wilful misconduct was warranted depends upon whether their conduct, detailed in the finding and violative of the plaintiff's rule, could be held reasonably to amount to a *deliberate* violation of a reasonable rule within the principles stated in the preceding paragraph" (italics supplied).

Without in any way concluding that claimant was justified in striking the supervisor, who had called him a name which, in common parlance, has assumed highly insulting implications, it does appear that claimant's act was at least "on the spur of the moment" rather than "deliberate," and, indeed, there was nothing in the finding of facts before the commissioner stating that the act was deliberate. The commissioner apparently concluded that the violation was deliberate, without a finding to that effect, and his conclusion that claimant was discharged for "wilful misconduct" as a basis for disqualifying him from claiming unemployment bene-

fits for the four weeks in question was not a reasonable one under the circumstances.

The appeal is sustained, the decision of the unemployment commissioner is reversed, and the case is remanded for further proceedings in conformity with this opinion.