ARNOLD E. MINER *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT, ET AL.

SUPERIOR COURT     HARTFORD COUNTY     FILE No. 123403

Memorandum filed December 14, 1961

No appearance filed for the plaintiff (claimant).

*Robert H. Arnold,* of East Hartford, for United Aircraft Corporation.

*Albert L. Coles,* attorney general, and *Harry Silverstone,* assistant attorney general, for the Administrator, Unemployment Compensation Act.

MacDonald, J. This appeal by an employer from a decision of the commissioner reversing the denial of benefits to claimant by the administrator comes before the court on a corrected finding made following a rehearing ordered by this court on February 20, 1961. It involves an employee who had worked for the Pratt and Whitney Division of the United Aircraft Corporation several years and who, on the first day of a strike at the employer's plant on June 8, 1960, joined the picket line in front of the employer's premises. While picketing there, soon after leaving his employment at the end of his shift, this employee hurled a rock through the windshield of an automobile entering the employer's grounds while the plant was in operation. Although the employee was arrested on the spot, the employer did not learn of his act on the first day of the strike because of the great number of people milling about its gates. Then, a few days later, the employee returned to work, picking up his time card which was still in the rack ready to be punched, and continued to work at his regular job until he was discharged a few weeks later, when the employer first learned of the employee's unlawful act through reading of it in the local papers when an announcement appeared that the employee had been found guilty of breach of the peace in the East Hartford Town Court. Once the employer learned of the incident there was no delay on its part in discharging the employee.

The commissioner reversed the administrator and granted the claimant benefits on the theory that the act of the claimant for which he was arrested and convicted occurred at a time when claimant was not working for the company and that his discharge,

therefore, was not for "wilful misconduct in the course of his employment." See General Statutes § 31-236 (2) (b).

The purpose of the Connecticut Unemployment Compensation Act, chapter 567 of the General Statutes, is to provide benefits to employees willing and able to work and who have been discharged through no fault of their own. See §§ 31-235, 31-236. The corrected finding establishes that this employee hurled a rock through the windshield of a car entering his employer's premises and that he had joined the picket line that morning at the end of his shift. The act itself was clearly wilful misconduct; *Bigelow Co.* v. *Waselik,* 133 Conn. 304, 308; and he was still, at that moment, an active employee. See *Ekco Products Co.,* 117 N.L.R.B. 137, 39 L.R.R.M. 1184, 1190; *Leiter Mfg. Co.,* 112 N.L.R.B. 843, 36 L.R.R.M. 1123, 1124-5. In picketing while the plant was in operation, he obviously was trying to influence the outcome of the strike, which concerned itself with hours, wages and working conditions. His act, therefore, was directly connected with his employment and was committed at the entrance of his employer's plant while it was in operation. The picketing itself was not an act of misconduct, since picketing an employer's premises is a right given employees as a part of the employment relationship, and since claimant had not even left the vicinity of the plant after completing his day's work, it is difficult to separate his acts from his employment.

To sustain the commissioner's ruling upon the highly technical ground that this claimant had decided to leave his job and join the strikers as of the moment he walked out the gates of the plant and that therefore his act of violence, committed at those very gates, was not misconduct in the course of his employment would appear to distort the purposes of the act and offend public policy by reward-

ing a violent picketer rather than condemning his act of unlawful violence.

The appeal is sustained, and judgment may enter directing that the claims for unemployment compensation benefits involved herein be denied.