[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[ARTICULATION]
1. The instant action is based primarily on an alleged violation of General Statutes § 19a-581 et. seq., concerning the wilful disclosure of the plaintiff's HIV status. In its decision of November 8, 1993, this court held that count one of the complaint contained no allegations of wilfulness as to the defendant Dr. Flores. The question posed by the plaintiff CT Page 4615 in her motion for articulation is whether the allegations of count one simply do not constitute wilful behavior or whether the allegations are facially deficient because the word "wilful" is not used.
Section 19a-590 states that:
 Any person, except as otherwise provided in this chapter, who wilfully violates any provision of this chapter shall be liable in a private cause of action for injuries suffered as a result of such violation. Upon a finding that an individual has been injured as a result of such violation, damages shall be assessed in the amount sufficient to compensate said individual for such injury.
In a case cited by the plaintiff in her response to the defendant's objection to the second amended complaint, [Warner v. Leslie-Elliott Contractors, Inc.], 194 Conn. 129, 138
(1984), our Supreme Court discussed the difference between causes of action for negligence and those for wilful or malicious conduct. It stated,
 "[t]here is a substantial difference between negligence and wilful or malicious conduct, and a complaint should employ language explicit enough to inform the court and opposing counsel clearly that wilful or malicious conduct is being asserted. (Citations omitted).
The court thus found that the allegation that the "defendants were negligent, inter alia, in erecting a chain or cable across the roadway `in a manner and under circumstances where it could not readily be seen so as to amount to a trap'" did not constitute an allegation of wilful conduct. The court added, "[t]o raise an allegation of wilful conduct, the plaintiff must clearly plead that the accident was caused by the wilful or malicious conduct of the defendant." Id., 139.
There are only four paragraphs of the first count which are pertinent to any actions by Dr. Flores: CT Page 4616
 16. After her conversation with Ms. Doe, Ms. Marselle consulted Dr. Flores concerning her intention to disclose Ms. Doe's HIV status, to Ms. Marselle's sons, who she knew to be illegal drug users and acquaintances of friends of Ms. Doe.
 17. At no time did Dr. Flores inform defendant Marselle of the statutory prohibition against releasing any information which would identify Ms. Doe as HIV positive. In fact, Dr. Flores affirmatively authorized Ms. Marselle's illegal disclosure, with the sole proviso that Ms. Doe's actual name not be used in identifying her.
 18. In May 1991, Ms. Doe learned that defendant Marselle had intentionally disclosed Ms. Doe's HIV status to at least three other individuals in the community who knew Ms. Doe. Ms. Marselle never asked for or received Ms. Doe's permission to make these disclosures.
 19. When Ms. Doe confronted defendant Marselle about her unauthorized disclosures, Ms. Marselle admitted telling other persons about Ms. Doe's HIV status. She also told Ms. Doe that she had obtained Dr. Flores' permission to make the disclosures.
Paragraph sixteen alleges knowledge to Dr. Flores of Ms. Marselle's intention to disclose. Paragraph seventeen alleges two matters: (1) Dr. Flores did not inform the defendant Marselle of the statutory prohibition, and (2) that he authorized the disclosure — with the provision that Ms. Doe's real name not be used. The failure to inform constitutes, at worst, some type of negligence — but certainly not wilful behavior. The authorization, while somewhat closer, cannot be deemed to be wilful either. First, the behavior is not characterized as wilful. See, [Warner], supra. More importantly, the alleged authorization was limited — the patient's name should not be disclosed. Again, as noted by the plaintiff in her response, our Supreme Court has defined "wilful, in [DeMilo v.West Haven], 189 Conn. 671, 678 (1983). The court therein reviewed CT Page 4617 the use of "wilful" noting that for a wilful battery, as set forth in [Alteiri v. Colasso], 168 Conn. 329, 333 (1975), "it was [not] sufficient `to constitute such an injury that the act resulting in the injury was intentional in the sense that it was the voluntary action of the person involved. Not only the action producing the injury but the resulting injury must be intentional.'" (Emphasis supplied). The [DeMilo] court also noted that in the workmen's compensation area, wilful misconduct meant:
 Misconduct is any improper or wrong conduct . . . . By wilful misconduct is meant either intentional misconduct, that is, such as is done purposely with knowledge, or misconduct of such a character as to evince a reckless disregard of consequences. Id., 678, citing [Bigelow Co. v. Waselick], 133 Conn. 304, 308 (1946), (remaining citations omitted).
Finally, in commenting on General Statutes § 52-566, the court stated, in part:
 Such "wilful" conduct must encompass both the physical act proscribed by the statute and its injurious consequences. That is, for a person to be assessed treble damages, it must be shown that he not only intentionally removed or destroyed a bridge, but that he intended to cause an injury as a result or acted with reckless disregard as to whether an injury would result. . . .
Id., 679.
Section 19a-590 does not provide a cause of action for any violation of the disclosure provisions of Chapter 368x. Rather, it only allows a claim for [wilful] violations. The fact that Dr. Flores allegedly authorized such a [limited] disclosure indicates that the action cannot be deemed to be wilful. It undercuts any argument that the disclosure "evinced a reckless disregard of the consequences." By limiting the disclosure to preclude the use of the plaintiff's name, the doctor did not act in a manner which is indicative of intending such an injury. It is not enough to have merely authorized the disclosure CT Page 4618 — there must be an allegation of the intent to injure. This allegation reflects the restriction of anonymity which precludes a finding of such intent.
Paragraph nineteen (with paragraph eighteen) indicates that the defendant Marselle advised three others of the plaintiff's HIV status. It also alleges that Dr. Flores had given permission. Again, the allegation does not mention the word wilfully and there are no other allegations that allow the court to conclude the action was wilful. [Warner], supra. The legislature used the word "wilful" in describing the type of violation that was actionable. Its intent was clear, [Andersonv. Ludgin], 175 Conn. 545, 552 (1978), and the plaintiff must set forth allegations that meet this requirement. Thus, the answer to the plaintiff's first question is that the allegations of count one fail for both reasons.
The court also notes that this allegation was addressed in the earlier Motion to Strike concerning the May 13, 1992 Amended Complaint, Count One, paragraphs 16-19. At that time, the first count, containing this exact language in paragraph 19, was stricken, by agreement. (O'Neill, J., August 25, 1992). The July 23, 1992 Motion to Strike maintained that the plaintiff had failed to set forth allegations of a wilful violation of the statute. Presumably the plaintiff, in amending the complaint would have rectified the problems she had earlier acknowledged were sufficient to allow the motion to be granted.
2. The second request is for this court to state its conclusion that General Statutes § 19a-581 et. seq. is the exclusive remedy for actions of the nature alleged in plaintiff's complaint. This request presumably refers to this court's finding concerning the second count which alleges negligence against Dr. Flores for his failure to become familiar with the provisions of § 19a-581 et. seq. and to instruct his employees accordingly. The only cause of action that exists under this statute is for a wilful violation. The legislation did not authorize an action under this statute for mere negligence.
3. The third request concerns this court's use of the work "applicable" in its finding that CUTPA is not applicable to this case. This court simply finds that the alleged acts of Dr. Flores cannot be deemed to be a CUTPA violation since there can only be a violation of public policy, [Sportsmen'sBoating Corporation v. Hensley], 192 Conn. 747, 756
CT Page 4619 (1984), if there is a wilful violation. Since this court found no allegation of a wilful violation of Chapter 368X, there could be no unlawful practice. This allegation of negligence does not rise to the level of an immoral, unethical, oppressive or unscrupulous practice. [A-G Foods, Inc. v. Pepperidge Farm,Inc.], 216 Conn. 200, 217 (1990).
4. This court finally notes that in her request for articulation, Section II, the plaintiff represents that she did not have the opportunity to respond to the defendant's objection to her amended complaint. The plaintiff did, however, file two responses to the objection. The first, on procedural grounds, was filed October 6, 1992, and the second, on substantive grounds, was filed on March 15, 1993.
MARSHALL K. BERGER, JR. JUDGE, SUPERIOR COURT