[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Thomas J. Latina (hereinafter "Latina"), appeals the denial of his application for unemployment benefits. The Administrator denied Latina's application. Thereafter, in a hearing de novo, the appeals referee ruled that Latina was fired from his job for deliberate misconduct and denied benefits. The board of review affirmed the decision of the appeals referee. This appeal followed. For the reasons set forth below, Latina's appeal is sustained.
Facts
Latina worked for the Torrington Company as a maintenance technician for over twenty-three years until he was fired on April 25, 1996. His shift at work started at 6:00 a.m. Because Latina lived in Hartford, it was necessary that he get up at 4:00 a.m. in order for him to get to work in Torrington on time.
Prior to the events of April 25, 1996, Latina had been disciplined on two prior occasions for sleeping on the job. On September 6, 1994, Latina received a warning for sleeping on the job. Thereafter, in July 1995, he again was found sleeping on the job and received a two-month suspension from work. At the time of the suspension, Latina signed a so-called "last chance" agreement wherein he agreed that any further violations of company rules occurring within twelve months after his return to work would result in his termination without recourse to the grievance procedure in the company's labor agreement.
Following the suspension, Latina went to his doctor about his fatigue problem. His physician, Frank R. Vanoni, M.D., placed Latina on the medication Ritalin. Latina took this medicine and it helped his problem. Medical tests done after Latina was fired revealed that he did not sleep normally. In a polysomnogram conducted at Hartford Hospital, his sleep over eight hours was interrupted 32 times by awakening and arousals. No diagnosis was rendered as to why Latina had so much trouble sustaining CT Page 383 uninterrupted sleep.
Latina's last day of work was April 25, 1996. A few days before, his prescription for Ritalin ran out. He testified that he did not have the necessary $60.00 on hand to immediately refill the prescription. Latina also told the company that he had stayed up late with a woman friend the two nights before. At the time, Latina was 50 years old and single.
On April 25, 1996, Latina reported for work on time. At 7:15 a.m. he was paged by his supervisor and did not respond. Shortly thereafter he was found asleep in a utility room. He was discharged that day.
The above facts are essentially those that were found by the appeals referee. The referee ruled upon the case under the deliberate misconduct test. The referee ruled that "this is not a sleeping case per se but a failure to advise the employer." The referee found that Latina's actions in (1) allowing his prescription to lapse; and (2) staying up late for the two nights, constituted deliberate misconduct because they resulted in Latina sleeping on the job.
Discussion
At the outset, it is useful to note that the issue before this court is whether the facts found by the appeals referee and adopted by the board of review support a finding of wilful misconduct that disqualifies Latina from unemployment benefits. The issue is not whether the company was justified in terminating Latina, nor whether the union adequately protected his interests. Latina's claims in these regards as well as his assertions about discrimination are beyond the scope of this appeal.
The Unemployment Compensation Act is "to be construed, interpreted and administered in such a manner as to presume coverage, eligibility and nondisqualification in doubtful cases . . . It is remedial legislation and as such is to be construed liberally as regards beneficiaries, in order to accomplish its purpose . . . which is to ameliorate the tragic consequences of unemployment." Bridgeport Metal GoodsManufacturing Co. v. Administrator, 2 Conn. App. 1, 3 (1984).
In statutory appeals of this type, our law draws a clear distinction with respect to the court's role as to findings of CT Page 384 fact versus conclusions of law. "To the extent that an administrative appeal, pursuant to General Statutes § 31-349b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence." MattatuckMuseum-Mattatuck History Soc. v. Administrator, 238 Conn. 273,276 (1996); United Parcel Service, Inc. v. Administrator,209 Conn. 381, 385 (1988). "If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." Id. See also Finkenstein v.Administrator, 192 Conn. 104, 113 (1984); Burnham v.Administrator, 184 Conn. 317, 321-22 (1981); Robinson v.Unemployment Security Board of Review, 181 Conn. 1, 5 (1980).
As stated above, the question here is whether, based upon facts found, the appeals referee correctly determined that Latina engaged in wilful misconduct. Wilful misconduct, as applicable here, means deliberate misconduct in wilful disregard of the employer's interest, or a single knowing violation of a reasonable and uniformly enforced rule or policy of the employer, when reasonably applied, provided such violation is not the result of the employee's incompetence. General Statutes § 31-236(a). Mere violation of a rule does not always constitute wilful misconduct. To have that effect, the disobedience must have been deliberate, not merely a thoughtless act on the spur of the moment., Sturges v. Administrator, 27 Conn. Sup. 215, 219
(1968). Willfulness or misconduct contemplated by the act is generally held to mean something more than mere negligence or carelessness . . . the conduct of the employee must manifest an intentional, substantial disregard of the duties, obligations and responsibilities that the employee owed to the employer. Duperryv. Administrator, 25 Conn. Sup. 409, 411 (1964). Wilfulness implies bad purpose, wantonness and reckless indifference. Inefficiency, negligence, carelessness, improper conduct and errors in judgment are not construed to be wilful misconduct. Id.
In Guest v. Administrator, 22 Conn. Sup. 458 (1961), the claimant was discharged for fighting on the company premises having struck his boss who insulted him. In considering the CT Page 385 question of whether the claimant engaged in wilful misconduct, the court stated that if the breach of a rule is the result of thoughtlessness or inadvertence, the breach cannot be held to have been wilful. Guest v. Administrator, supra 459; see alsoBigelow Co. v. Waselik, 133 Conn. 304, 308 (1947). The court (MacDonald, J.) held that the claimant's conduct was not wilful misconduct and sustained his appeal.
In this case, the appeals referee found that Latina engaged in wilful misconduct because he allowed his prescription for Ritalin to lapse and stayed up late for two nights. The appeals referee found that these actions precipitated his sleeping at work on April 25, 1996. While allowing one's prescription to lapse is certainly thoughtless, it is not an act of such bad purpose or intent such that it reaches the level of deliberate misconduct. Likewise, keeping late hours with a woman friend while negligent and somewhat foolish, is also not wilful misconduct as to one's employer. In sum, it is hard to believe that a 50 year old man would risk his 23-year job by deliberately engaging in a willful action (sleeping on the job) that was sure to get him fired. The facts found by the appeals referee are more consistent with someone who foolishly put himself in a situation where his late hours, lack of medicine and abnormal sleep habits resulted in his being overcome with fatigue at work. Such a situation is not wilful misconduct.
Latina's appeal is sustained and the case is remanded for further proceedings consistent with this opinion.
DEVLIN, J.