[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Administrator, Unemployment Compensation Act represents the following:
This is a statutory appeal by Arvind R. Parikh concerning unemployment compensation. The record reveals the following: On November 21, 1996, the Administrator denied unemployment compensation benefits for the claimant on a finding that he was discharged for willful misconduct. Connecticut General Statutes § 31-241. The claimant-employee appealed the decision to an Appeals Referee on December 31, 1996. Id. On March 31, 1997, the Referee affirmed the Administrator's decision, finding that the plaintiff was discharged for wilful misconduct Connecticut General Statutes § 31-242. On April 8, 1997, the claimant appealed the Referee's decision. Connecticut General Statutes § 31-248. On May 23, 1997, the Board affirmed the Referee's decision. Connecticut General Statutes § 31-249. On June 3, 1997, the claimant filed a Motion to Reopen the Board decision. Connecticut General Statutes § 31-249 (b). On July 14, 1997, the Board denied the claimant's request to reopen. Id. On August 14, 1997, the claimant filed an appeal to Superior Court. Connecticut General Statutes § 31-249b.
The Superior Court in hearing an unemployment compensation appeal does not hear the case de novo. The function of the court is to sit as an appellate court in reviewing the record certified to it by the Board of Review. United Parcel Service, Inc. v.Administrator, 209 Conn. 381, 385, 551 A.2d 724 (1988);Finkenstein v. Administrator, 192 Conn. 104, 112, 470 A.2d 1196
(1984). The court does not retry the facts or hear evidence.United Parcel Service, 209 Conn. at 385. The court is bound by the findings of subordinate fact and the reasonable factual conclusions of the Board. Finkenstein, 192 Conn. at 112-113;Robinson v. Unemployment Security Board of Review, 181 Conn. 1,4, 434 A.2d 393 (1980); Guevara v. Administrator, 172 Conn. 492,495, 379 A.2d 1101 (1977). The court's role is to determine whether the Board's decision is arbitrary, unreasonable or illegal. Id.; Calnan v. Administrator, 43 Conn. App. 779, 785,616 A.2d 134 (1996). The Board's decision must stand if it results from a correct application of the law to the findings of fact and could reasonably follow from those findings.Finkenstein, 192 Conn. at 113; Robinson, 181 Conn. at 5. The court may not substitute its conclusions for those of the Board. Calnan, 43 Conn. App. At 785; Johnson v. Administrator,3 Conn. App. 264, 267, 487 A.2d 565 (1985); Petela v. Administrator,
CT Page 731233 Conn. Sup. 119, 121, 365 A.2d 635 (1974). The court's jurisdiction is particularly limited when, as here, a motion to correct the findings is not filed. Calnan, 43 Conn. App. At 783-785;Petela, 33 Conn. Sup. at 121. Additionally, it is solely the function of the agency to weigh the evidence and assess the credibility of the witnesses. Calnan, 43 Conn. App. At 785; Conn. Practice Book § 22-9 (1998) (formerly § 519(a)).
The issue on appeal is whether the Board of Review's decision concluding that the claimant was discharged for wilful misconduct unreasonable, arbitrary or illegal: With regard to the Board's decision that the claimant was discharged for wilful misconduct, the Board applied Connecticut General Statutes § 31-236
(a)(2)(B).
Connecticut General Statute § 31-236(a)[1] provides in relevant part:
 An individual shall be ineligible for benefits . . . (2) . . . (B) if, in the opinion of the administrator, he has been discharged . . . for . . . Wilful misconduct in the course of his employment. . . . For purposes of subparagraph (B) of subdivision (2) of this subsection, "wilful misconduct" means deliberate misconduct in wilful disregard of the employer's interest of a single knowing violation of a reasonable and uniformly enforced rule or policy of the employer, when reasonably applied, provided such violation is not a result of the employee's incompetence . . .
(Emphasis added.)
The Board and Referee applied the above quoted statute and concluded that the claimant's conduct constituted a single, knowing violation of an employer's reasonable and uniformly enforced rule or policy that was reasonably applied, and that such conduct was not the result of incompetence. The Referee's findings of fact, as affirmed by the Board, indicate the following. The claimant worked for the State of Connecticut, Department of Transportation for approximately 10.5 years, last working as an engineer. Referee's Findings of Fact (hereinafter "F/F"), #5, dated March 31, 1997. The claimant was discharged after receiving a second consecutive unsatisfactory service rating. Referee's F/F #7. The second unsatisfactory service rating was triggered by the claimant's violation of the employer's work place rule concerning late request for vacation CT Page 7313 time. Referee's F/F #8. The claimant had been suspended from work for two weeks, July 22, 1996 through August 2, 1996. He was to return to work August 5, 1996. Referee's F/F #9. At approximately 8:00 a.m. on August 5, 1996, the claimant's normal start time, he called his immediate supervisor, Mr. Neelands asking to be put on vacation. Referee's F/F #10. Mr. Neelands determined that the request was not of an emergency nature and advised the claimant that he should report into work, but the claimant failed to do so. Referee's F/F #11 and #12. The claimant had received numerous verbal and written warnings concerning his practice of requesting vacation time at the last minute. Referee's F/F #13. The claimant had received such warnings on November 2, 1995, May 17, 1996, and May 14, 1997. Referee's F/F #14. The employer treated individuals who made similar requests in a similar manner. The claimant had received verbal warnings before his continuing practice resulted in the employer's written warning. Referee's F/F #15. Others in the claimant's department had received verbal warnings because their instances of inappropriate vacation use were isolated. Referee's F/F #16. If the claimant disagreed with any personal practice of the employer, the union contract required the claimant follow the supervisor's instructions, and later grieve the dispute. Referee's F/F #17. The claimant's two week suspension in July 1996 was triggered by an incident in March 1996 where the claimant was insubordinate to the immediate supervisor in refusing to code properly his time sheet. Referee's F/F #18.
Courts have defined "wilful misconduct" as "conduct evincing a wilful disregard of an employer's interest such as deliberate violations of the employer's procedures or a disregard of expected standards of behavior." Todd v. Administrator,5 Conn. App. 309, 312, 497 A.2d 1035 (1985) (citations omitted); Baileyv. Administrator, 3 CA 494, 495, 490 A.2d 92 (1995). Wilful misconduct includes deliberate disobedience or the intentional violation of a known rule. Todd, 5 Conn. App. at 312 (citations omitted).
The Board affirmed the Referee's decision which found that the claimant knowingly violated the reasonable and uniformly enforced employer rule pertaining to advance notice when requesting vacation time. The claimant knew of the rule based on his numerous verbal and written warnings and suspensions for similar violations. It is undisputed that the rule is reasonable in that employers have the right to be informed ahead of time as to the availability of their workforce. The rule was uniformly CT Page 7314 enforced and reasonably applied to him. Termination was appropriate in light of the repeated violations of the advance notice rule and the employer's lawful business interest. The employer had determined that there was no emergency justifying the absence of advance notice. The claimant offered no justification for violating the rule. Board Decision, dated May 23, 1997 affirming Referee's Decision, dated March 31, 1997.
The claimant initially claims, in his brief on page 4, that the Referee did not find that the claimant's act had a detrimental effect on his employer or evinced a reckless disregard of a substantial employer interest. He relies on the repealed Regulations, Connecticut State Agencies, Labor §31-236-26. P.A. 95-323 amended Connecticut General Statute §31-236 (a)(2)(B) in pertinent part to define "wilful misconduct" more broadly to include either deliberate misconduct in wilful disregard of the employer's interest or a single knowing violation of a reasonable and uniformly enforced rule or policy of the employer, when reasonably applied. The Referee's decision, affirmed by the Board, rests on the latter definition. Therefore, there is no need to make findings or draw conclusions in regard to the former definition. New regulations have been adopted in regard to the amended statute which set forth new rules for wilful misconduct. See Regs., Conn. State Agencies, Labor §31-236-24 through § 31-236-28 (1997). Similarly, the claimant relies on the same repealed regulations when stating that the Referee failed to make necessary findings in regard to consideration of prior warnings. Plaintiff's Brief, p. 4-5. In the new regulations, the only mention of consideration of warnings in regard to "a knowing violation of a reasonable and uniformly applied rule" is in § 31-236-26b(a)(1) which states that the Administrator should consider warnings in determining whether the rule was effectively communicated by the employer to the individual. There is no requirement that a finding be made that the warning inform the employee of the possible consequence of disciplinary action.
Next, the claimant relies on the old regulations, §31-236-27, which dealt with absences from work. It should be noted that the Board's decision concluding wilful misconduct existed does not rest on the claimant's absences, but rather on the claimant's knowing violation of the employer's work rule. However, even if the Board were to rely on his absences, the new statutory provision addressing absences simply defines "wilful misconduct" to mean "an employee must be absent without notice CT Page 7315 for three separate instances within an eighteen-month period." Connecticut General Statutes § 31-236 (a)(2)(B). See also Regs, Connecticut State Agencies, Labor § 31-236-26 (1997). The Board states: "Even if we were to consider this case under the absenteeism provision of No. 95-323 of the Public Acts, the claimant was guilty of three absences without proper notification within the eighteen months preceding his discharge." Board Decision, dated May 23, 1997, p. 2.
The claimant argues that there must be a pattern of wilful misconduct in order to satisfy the phrase "wilful misconduct in the course of his employment." There is no such requirement.[2]
Regs., Conn. State Agencies, Labor § 31-236-26c (1997) defines "in the course of employment" to mean "that the conduct must take place during working hours, at a place the employee may reasonably be, and while the employee is reasonably fulfilling the duties of his employment or otherwise performing any service for the employer's benefit." These factors are satisfied in this case.
Lastly, the claimant contends that the Referee violated the claimant's Due Process rights in two ways: (1) by not inquiring of the claimant to find necessary information for his findings, and (2) by the manner of asking questions tainted the whole proceeding. At the outset, it should be noted that the claimant did not raise these claims before the Board. With regard to the first claim, it is the responsibility of each party to present at the hearing before the Referee all witnesses, testimony, evidence and argument material to that party's contentions. Regs., Conn. State Agencies, Labor § 31-237g-22 (attached hereto). The Referee made all the necessary findings to determine the wilful misconduct issue based on a knowing violation of an employer's rule. With regard to the second claim, there is a presumption that administrators acting as adjudicators are unbiased.Petrowski v. Norwich Free Academy, 199 Conn. 231, 236,506 A.2d 139 (1986). Furthermore, claims of bias should be raised promptly. Clisham v. Board of Police Commissioners,223 Conn. 354, 367, 613 A.2d 254 (1992). Parties can not await a decision and then claim bias for a cause which was well known to them during the hearing. Id. at 368 quoting Henderson v. Department ofMotor Vehicles, 202 Conn. 453, 462, 521 A.2d 1040 (1986). Questioning by a factfinder is permissible because it is designed to bring out facts more clearly and to ascertain the truth. cf.Newman v. Watkins, No. CV 88 0096039 S Superior Court Judicial District of Stamford/Norwalk at Stamford, August 7, 1992, Judge CT Page 7316 Rush, citing See Goggins v. Fawcett, 145 Conn. 709, 713 (1958). The claimant has failed in his burden to establish a constitutional violation.
The courts have given deference to the decisions of those who are charged with the administration of the unemployment compensation system. Fellin v. Administration, 196 Conn. 440,447, 493 A.2d 174 (1985). The Board has rendered a decision in which the law was properly applied to the facts, and the decision reasonably flows therefrom. Therefore, the decision denying benefits was not unreasonable, arbitrary, or illegal.
For the reasons set forth, the appeal is dismissed.
BY THE COURT
HON. WALTER M. PICKETT, JR., J. Judge Trial Referee