[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal from a decision of the employment security board of review (board) by Alan M. Dudley (claimant) arising out of a claim for unemployment benefits against Walgreen Eastern filed on April 10, 1997. The claimant asserts that he was improperly terminated as a pharmacist at the Walgreen location in Wethersfield. Although he was initially awarded benefits by the administrator of the Unemployment Compensation Act (administrator), which award was affirmed by an appeals referee, that decision was reversed by the board, pursuant to General Statutes §31-249,[1] based on its conclusion that the claimant violated a known and reasonable policy of his employer.
The employment security board of review has certified the record of this appeal, pursuant to General Statutes § 31-249b, which the court has reviewed in its entirety. On April 24, 1997, the claimant was initially found eligible for unemployment benefits by the administrator. The employer appealed the administrator's decision on May 12, 1997. An appeals referee affirmed the administrator's ruling on August 13, 1997. The referee made the following relevant findings of fact:
"5. The claimant was discharged because of the fact that management believed he had consumed alcohol and had the odor of alcohol on his breath.
"6. Under the heading of `Walgreens, Pharmacy Laws, Policies and Ethics,' it is indicated that form and appearance are important. The company expects employees to do what is right and to behave in such a manner that others will view them as having the highest standards in both professional and personal behavior.
"7. In May of 1996, the claimant was issued a document entitled `Final Written Warning.'
"8. It was indicated that the claimant smelled of alcohol at that time CT Page 5248 while working at the store.
"9. It was noted that in October 1994, the claimant was written up for the same situation.
"10. The claimant had a drink at approximately 11:30 p.m. the evening previous to reporting at noon."
The employer appealed the referee's decision to the board on September 3, 1997. On November 17, 1997, the board concluded that "the claimant was fired for violating the employer's directive that he appear at work without the odor of alcohol on his breath," reversed the referee's decision and sustained the employer's appeal. The board also advised the claimant that he was not entitled to the benefits he had received and that he would be charged with an overpayment for all benefits received while ineligible.
The claimant then filed an appeal to the Superior Court and the administrator filed a motion for judgment to dismiss the appeal.[2] On October 22, 1999, the court, Stengel, J., held that the board "did not alter the findings of fact by the appeals referee." Judge Stengel held that the board failed to state the factual basis for its decision and remanded to the board in order that it may articulate its decision and include findings of fact.
On January 26, 1999, the board issued a decision modifying and adding to the referee's findings of fact in support of its determination that the claimant violated a known and reasonable policy of his employer, pursuant to its authority granted under General Statutes § 31-249. The board cited Bigelow v. Waselik, 133 Conn. 304, 50 A.2d 769 (1946), for the proposition that "a claimant's deliberate violation of an employer's rule is wilful misconduct unless the rule is unreasonable." The board found that "because of the nature of the claimant's duties in dispensing medications to the public" the employer had "a legitimate interest in the claimant's appearance and hygiene." The board made the following additions and modifications to the referee's findings of fact:
"Finding of Fact No. 5: The claimant was discharged because two of the employer's managers smelled alcohol on the claimant's breath and the claimant had no credible explanation as to why he smelled of alcohol.
"Finding of Fact No. 6: Add the following sentence: The employer had a legitimate concern that the claimant, as a trained pharmacist, would be dealing with the public and that his effectiveness and the employer's ability to serve its clientele would be seriously undermined by the claimant' reporting to work with alcohol on his breath. CT Page 5249
"Finding of Fact No. 8: It indicated that the claimant smelled of alcohol at that time while working in the store. The warning specifically advised the claimant that he was being disciplined for reporting to work smelling of alcohol, that the conduct was considered unprofessional, and that the claimant would be terminated if the conduct continued.
"Finding of Fact No. 9: The employer had received other reports from the claimant's coworkers that the claimant smelled of alcohol while on the job. The employer had counseled the claimant and offered to assist the claimant in getting services if he had a problem with alcohol. On October 1994, the claimant received a written warning which indicated coworkers had observed the claimant smelling of alcohol and that the claimant would be suspended from work or may be terminated if this situation reoccurred."
The claimant's amended appeal to the Superior Court was received by the board on January 29, 1999. The claimant claimed that the board rendered its decision on facts other than those found by the hearing referee. Specifically, he argues that the board added to the referee's findings of fact without taking additional evidence.
The defendant administrator now moves for judgment dismissing the instant appeal on the ground that the claimant was discharged for wilful misconduct and is therefore ineligible for benefits pursuant to General Statutes § 31-236 (a)(2)(B).[3] Specifically, the administrator argues that the Superior Court's role is limited to that of determining whether the board acted in an arbitrary, illegal or unreasonable manner, and that absent a motion to correct the findings of fact, the board's findings are binding on the court. Therefore, the administrator contends that the claim on appeal that the board substituted its findings for those of the referee must fail.
The Superior Court has a very limited function when reviewing appeals regarding unemployment compensation. The court may not substitute its judgment for that of the administrator or board and adjudicate questions of fact. Guevara v. Administrator, 172 Conn. 492, 495, 374 A.2d 1101
(1977). "To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it CT Page 5250 retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.) United Parcel Service, Inc. v. Administrator,Unemployment Compensation Act, 209 Conn. 381, 385-86, 551 A.2d 724
(1988).
In addition, Practice Book § 22-9(a) provides in pertinent part: "Such appeals are heard by the court upon the certified copy of the record filed by the board. The court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached." Further, Practice Book § 22-9(b) states: "Corrections by the court of the board's finding will only be made upon the refusal to find a material fact which was an admitted or undisputed fact, upon the finding of a fact in language of doubtful meaning so that its real significance may not clearly appear, or upon the finding of a material fact without evidence."
A motion to correct is a prerequisite for challenging the Board's findings of fact. Chavez v. Administrator, Unemployment CompensationAct, 44 Conn. App. 105, 686 A.2d 1014 (1997); Calnan v. Administrator,Unemployment Compensation Act, 43 Conn. App. 779, 784, 686 A.2d 134
(1996). In Calnan, the board made determinations based on the record before it. The board reversed the decision of the referee and concluded that the claimant did not have sufficient cause to leave her employment. On appeal, the Superior Court found that the board's findings were not supported by the evidence before it and reversed the decision. The administrator appealed the decision on the ground that the trial court was bound by the findings of fact. The administrator argued, and the Appellate Court agreed, that "the claimant failed to file a motion with the board to correct its findings and that the filing of such a motion is a condition precedent to pursue a challenge to the board's findings." Id., 783. Thus, the claimant's appeal was ordered dismissed. Id., 785.
In Chavez v. Administrator, Unemployment Compensation Act, supra,44 Conn. App. 106, the board reversed the appeals referee's decision, "eliminated some of the referee's findings of fact and made its own additional factual findings." Id., 106. The trial court reversed the board's decision, finding that the board had "improperly substituted its judgment on credibility issues without taking additional evidence or testimony." Id. On appeal, the Appellate Court directed judgment for the defendant administrator on the ground that "in order for a claimant to challenge the findings of the board of review on appeal, the claimant must file a motion to correct those findings" before appealing to the trial court. Id., 106-07. CT Page 5251
In the instant case, the claimant has failed to file a timely motion to correct the findings of the board pursuant to Practice Book § 22-4[4]
and therefore is unable to challenge the board's findings on appeal. Hence, the court is precluded from correcting any of the board's findings on appeal.
Moreover, based upon the findings and a review of the entire record, the court cannot say that the board's conclusion is arbitrary, unreasonable, illegal or an abuse of discretion.[5] Its conclusion that the claimant was discharged for deliberately violating an employer's directive, tantamount to wilful misconduct, is supported by the record. Specifically, items number sixteen and seventeen of the record certified to the court on December 12, 1997, respectively, the employer's Pharmacy Law, Policy Ethics and the claimant's disciplinary record, demonstrate that the claimant was warned and counseled on numerous occasions about appearing for work with the odor of alcohol on his breath and specifically advised that the conduct was considered unprofessional and that further incidents could result in termination. Therefore, the board's conclusion was well within its discretion and was not illegal, unreasonable or arbitrary.
Accordingly, the plaintiff-claimant's motion for script is denied and the defendant's motion for judgment is granted.
Peck, J.