A. C. GILBERT COMPANY *v.* EDWARD KORDORSKY

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

Argued November 13—decided December 3, 1947

*James F. Rosen* and *Howard A. Jacobs,* for the appellant (defendant).

*Isadore Chaplowe,* with whom was *Albert W. Cretella,* for the appellee (plaintiff).

ELLS, J.   The procedure which brought this appeal to us is precisely the same as that stated in *Bigelow Co.* v. *Waselik,* 133 Conn. 304, 305, 50 A. 2d 769, and we recite only such facts as are necessary to an understanding of the present issues.   The unemployment commissioner determined that the defendant had been discharged for wilful misconduct in the course of his employment and consequently was disqualified for unemployment compensation benefits for the statutory period.   Looking to an appeal, the defendant sought sweeping changes in the commissioner's finding of facts.   His appeal to the Superior Court assigned error in the commissioner's refusal to correct the finding and in the conclusion that the defendant was discharged for wilful misconduct.   The court sustained the finding and the conclusion, dismissed the appeal and affirmed the decision of the commissioner.   The assignments of error are the same on this appeal.

The defendant sought to substitute his own version of events for that accepted by the commissioner from testimony which was conflicting. The commissioner had the right to determine what facts he would accept. Practice Book §§ 256, 265A; *Cishowski* v. *Clayton Mfg. Co.*, 105 Conn. 651, 655, 136 A. 472. A review of the evidence shows that the commissioner was amply justified in refusing to make any of the corrections requested by the defendant which were material to the issue before us.

The material facts may be summarized. The plaintiff had issued a book of rules which the commissioner found were reasonable. On several occasions the defendant, during working hours, left his work without permission of the foreman and by so doing interfered with and delayed production in his department; he wilfully acted in an insubordinate manner toward his superiors and persistently told them, in a voice loud enough to be heard by the other employees then working in the department, that the plaintiff was "gypping" him in his earnings. He was aware of the company rules and regulations prohibiting such conduct.

Whether the conclusion that the defendant was guilty of wilful misconduct was warranted depends upon whether his conduct, detailed in the finding and contrary to the plaintiff's rules, could reasonably be held to amount to a deliberate violation of those rules; if by direct proof, or as an inference from the circumstances, it appears that the acts were the result of thoughtlessness or inadvertence, the breach cannot be held to have been wilful. *Bigelow Co.* v. *Waselik*, supra, 308 et seq. The defendant's principal claim is that his conduct was solely the result of thoughtlessness or inadvertence; that it was due to an emotional state of mind; that he was bewildered.

The finding leaves no doubt that the misconduct was intentional rather than thoughtless, for it shows that the defendant was aware of the rules but intentionally and persistently disregarded them. However, we do not need to rely on inferences drawn from the finding, as we did in the *Bigelow* case, supra, for the commissioner's decision included the following statement: "The reasons set forth by the claimant for his actions and attitude toward his employers are found not to be justifiable insofar as to consider them as involuntary acts arising out of thoughtlessness or inadvertence, and cannot be condoned." The commissioner heard and observed the witnesses; we did not. What was wilful misconduct was a question of fact in this case. *Gonier* v. *Chase Companies, Inc.*, 97 Conn. 46, 57, 115 A. 677.

There is no error.

In this opinion the other judges concurred.