PAUL DECLEMENT v. ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT ET AL.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE NO. 72606

Memorandum filed June 29, 1949.

*Lester H. Aaronson,* of New Haven, for the Plaintiff.

*William L. Hadden,* Attorney General, and *Harry Silver-stone,* Assistant Attorney General, of Hartford, and *James F. Rosen,* of New Haven, for the Defendants.

KING, J.  This is an appeal from a decision of the unemployment commissioner for the third congressional district.  It is the employer's claim that the claimant was discharged for wilful misconduct, under General Statutes, § 7508 (2) (b).  The claimant claims he was discharged for lack of work.  The commissioner decided in favor of the claimant.

The employer seeks to have certain corrections of the finding made substituting his version of the facts for that of the claimant.  None of the additions sought to be made to the finding were admitted or undisputed, nor were any of the facts sought to be eliminated from the finding found without evidence.  It follows that none of these corrections of the finding can be made.  Practice Book §§ 265A, 256; *Civitello* v. *Connecticut Savings Bank,* 128 Conn. 621, 625; *A. C. Gilbert Co.* v. *Kordorsky,* 134 Conn. 209, 211.

There remains one further claim with respect to the corrections of the subordinate facts of the finding, and that is a claim for the elimination of paragraph 4 of the finding as immaterial.  The paragraph indicates that the claimant was "labor-conscious" and was therefore not an employee whom the employer would be disinclined to let go if work got slack.  It was fully supported by the evidence and should not be eliminated since it indicates one of several rather obvious reasons why the commissioner credited the evidence of the claimant rather than that of the employer.

Without these claimed corrections of the finding the ultimate facts found by the commissioner and his decision are fully supported by the subordinate facts and are in every respect reasonable.  *Civitello* v. *Connecticut Savings Bank,* supra, 625.

The commissioner found that the claimant intended to do nothing wrong when he picked up and put on his own car a battered gasoline tank cap from beside a rubbish barrel in the employer's garage in the presence of other employees.  This was a reasonable, if not the only reasonable, conclusion to be drawn from the subordinate facts in the finding.  That the employer had made a "rule" against stealing adds nothing to the case.  Regardless of rule, theft would constitute wilful misconduct.

It follows that the commissioner was fully justified in finding no wilful misconduct, under § 7508 (2) (b). *Bigelow Co.* v. *Waselik*, 133 Conn. 304, 308; *A. C. Gilbert Co.* v. *Kordorsky*, supra, 211. The employer's basic claim that the claimant stole the gasoline tank cap is without merit. His conduct was utterly inconsistent with that of a thief but on the contrary was that of a person who had picked up an apparently discarded article which was still, to him, of use.

The appeal is dismissed and the award affirmed.