[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPEAL
This is an appeal brought by the plaintiff, Michele T. Wills, from a denial of unemployment compensation benefits. The record, which has been filed by the Employment Security Board of Review pursuant to Connecticut General Statutes § 31-249b, indicates that the Administrator determined the plaintiff was ineligible for benefits by decision issued on January 25, 1993 pursuant to Connecticut General Statutes § 31-241. The plaintiff filed a timely appeal to a Referee on January 25, 1993. The Referee conducted a de novo hearing, made findings of fact and affirmed the Administrator's determination of ineligibility. The plaintiff then appealed to the Employment Security Board of Review ("Board") on March 1, 1993. On April 22, 1993, pursuant to Connecticut General Statutes § 31-249, the Board adopted the findings and decision of the Referee as its own and affirmed that decision. The plaintiff filed a timely motion to reopen that decision on May 3, 1993. That motion was denied on June 25, 1993. The plaintiff filed this appeal thereafter.
The Board found that the plaintiff "left suitable work voluntarily and without sufficient cause connected with her work," Connecticut General Statutes § 31-236(a)(2) and did not leave "to care for a seriously ill spouse" as defined by Connecticut General Statutes § 31-236(a)(2)(A)(ii).
The plaintiff and the defendant are generally in agreement as to the law which pertains to this appeal. The plaintiff disagrees with the factual finding of the Referee and the Board. She maintains that if the Board had correctly applied the facts to the law it would have concluded that she did leave work to care for a CT Page 2150 seriously ill spouse.
Connecticut General Statutes § 31-249b and Connecticut Practice Book § 519 limit the power of a reviewing court in an appeal of unemployment compensation decisions. Section 31-249b
restricts the court's ability to correct finding of the Board to those circumstances defined in Practice Book § 519, which provides in relevant part:
 (a) Such appeals are heard by the court upon the certified copy of the record filed by the board. The court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses.
The Superior Court does not retry facts or hear evidence in appeals under § 31-249(b). It sits as an appellate court to review only the record certified and filed by the Board. United ParcelService, Inc. v. Administrator, 209 Conn. 381, 385, 551 A.2d 724
(1988); Finkenstein v. Administrator, 192 Conn. 104, 113,470 A.2d 1196 (1984); Burnham v. Administrator, 184 Conn. 317, 321,439 A.2d 1008 (1981). The court may not substitute its own conclusions for those of the Board. Cervantes v. Administrator, 177 Conn. 132,134, 411 A.2d 921 (1979); Johnson v. Administrator, 3 Conn. App. 264,267, 487 A.2d 565 (1985).
The court is bound by the findings of subordinate facts and reasonable factual conclusions of the Board. Guevara v.Administrator, 172 Conn. 492, 495, 374 A.2d 1101 (1977); Bartlettv. Administrator, 142 Conn. 497, 505, 115 A.2d 671 (1955). SeeFinkenstein v. Administrator, 192 Conn. at 113. If the Board's conclusions are reasonably and logically drawn, the court is legally powerless to alter them. Guevara, 172 Conn. at 494-96. Legal conclusions must stand if they result from a correct application of the law to the facts found and could reasonably and logically follow from such acts. United Parcel Service, Inc.,209 Conn. at 385; Robinson v. Unemployment Security Board of Review,181 Conn. 1, 5, 434 A.2d 293 (1980). The court is limited to determining whether there is a logical and rational basis for the decision of the Board or whether in light of the evidence, the Board has acted unreasonably, arbitrarily, illegally or in abuse of CT Page 2151 its discretion. Fellin v. Administrator, 196 Conn. 440, 445,493 A.2d 174 (1985); Cervantes v. Administrator, 177 Conn. at 134.
The courts of this state have repeatedly refused to overturn Board decisions on the grounds that the Board accorded improper weight to the evidence presented. In A.C. Gilbert Co. v.Kordansky, 134 Conn. 209, 56 A.2d 169 (1947), the Supreme Court refused to substitute the appellant's version of the facts for the Commissioner's where the testimony was conflicting. In Howell v.Administrator, 174 Conn. 529, 391 A.2d 165 (1978), the Court rejected a claim that the Referee's failure to credit the uncontroverted testimony of the plaintiff regarding her eligibility for benefits required reversal of the Board decision that upheld the findings and conclusions of the Referee and held that the failure to accept a particular piece of evidence as controlling is not grounds for sustaining an appeal.
Under general principles of administrative law, a court must defer to the agency's assessment of the credibility of the witnesses and to the agency's right to believe or disbelieve the evidence presented by any witness. Briggs v. State EmployeesRetirement Commission, 210 Conn. 214, 217-18, 554 A.2d 292 (1989);Manor Development Corporation v. Conservation Commission,180 Conn. 692, 697, 433 A.2d 999 (1980).
The scope of the court's review of Board decisions is even more confined in appeals where the plaintiff fails to file a motion to correct the findings of the Board in accordance with Connecticut Practice Book §§ 515A and 519, which provide in pertinent part:
 515A. Motion to Correct Finding (Unemployment Compensation)
 If the appellant desires to have the finding of the board corrected he or she must, within two weeks after the record has been filed in the superior court, unless the time is extended for cause by the board, file with the board a motion for the correction of the finding . . .
519. Function of Court (Unemployment Compensation)
 (a) Such appeals are heard by the court upon the certified copy of the record filed by the board. The court does not retry the facts or hear evidence. It considers no evidence other than that certified to it byCT Page 2152 the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses.
Emphasis added.
In the absence of a motion to correct, as in this case, § 519(a) controls the scope of review of the administrative record. That section limits the review to a determination of whether there was any evidence to support the conclusions reached by the Board.
There is evidence in the record to support the Board's conclusions that the plaintiff left her position as a nursing home administrator in Florida, where she had worked from August 3, 1992 until December 18, 1992, because her husband had a difficult time adjusting to life in Florida and his physician recommended that he move back to Connecticut for his mental health. There is also evidence to support the Board's conclusion that the plaintiff did not leave her employment to care for a seriously ill spouse within the meaning of Connecticut General Statutes § 31-236(a)(2)(A)(ii).
In a statement signed by the plaintiff, which is a part of the Administrator's Fact Finding Report and Analysis, she stated,
 I have provided a doctors note which explains my husband's health condition and that I resigned from my position in Florida because it was in my husband's best interest in order to improve his mental health. I did not leave to provide constant care for my husband. I am able to go out and look for employment.
The plaintiff testified repeatedly at the Referee hearing that after relocating to Connecticut, her husband had been able to stay at home during the day by himself, prepare his own meals and administer medication to himself. Therefore, there was evidence to support the Board's conclusion that the plaintiff did not quit to care for a seriously ill spouse within the meaning of Connecticut General Statutes § 31-236(a)(2)(A)(ii). The decision of Board of Review is sustained and the appeal is dismissed.
By the Court,
Aurigemma, J. CT Page 2153