[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I. STATEMENT OF THE CASE
CT Page 11400
The present matter involves an appeal by Merriam Manufacturing ("employer"), from a decision of the Board of Review of the Employment Security Appeals Division ("Board").
On July 19, 1993, George H. McClain ("claimant"), a prior employee of the employer, filed a claim with the Administrator seeking unemployment compensation benefits. The Administrator ruled the claimant ineligible for benefits, by decision issued on July 23, 1993. Therein, the Administrator found that, because the claimant had offered no evidence to substantiate his claim that his work caused or aggravated an illness, the claimant left suitable, work voluntarily and without sufficient cause.
On July 26, 1993, the claimant filed a timely appeal of the Administrator's decision to a Referee, pursuant to General Statutes § 31-241. On August 25, 1993, the Referee dismissed the appeal because the claimant failed to attend the hearing scheduled for that day. On September 3, 1993, the claimant filed a motion to reopen the Referee's decision, alleging that he never received notice of the hearing date. On September 13, 1993, the Referee granted the motion to reopen, withdrew her decision conditionally, upon the claimant's showing good cause for failing to attend the previous hearing, and scheduled a new hearing.
The Referee conducted a de novo hearing on October 1, 1993, made findings of fact, and reversed the Administrator's determination of ineligibility, by decision issued on October 8, 1993, pursuant to General Statutes § 31-242.
On October 27, 1993, the employer filed a motion to reopen and vacate the Referee's decision. The Referee processed the employer's motion as an appeal to the Board of Review, pursuant to General Statutes § 31-249. On August 9, 1994, the Board adopted the findings of the Referee, and affirmed her decision, pursuant to General Statutes § 31-249. On September 9, 1994, the employer filed a motion to reopen the Board's decision. On September 29, 1994, the Board denied the motion.
On October 28, 1994, the employer, pursuant to General Statutes § 31-249b, filed an appeal of the Board's decision, granting unemployment compensation benefits to the claimant, to the Superior Court. Additionally, on July 26, 1995, the employer filed its Reasons for Appeal. Therein, the employer attacks the credibility of the claimant, citing the following specific reasons for appeal: CT Page 11401
2. At the referees hearing, the claimant testified that a doctor told him to quit work, although he later admitted that he hadn't been to a doctor prior to leaving his employment.
3. The Claimant's Appeal dated July 26, 1993, specifically states in his own handwriting that a doctor told him to leave his employment because it was affecting his health, but at the October 1st hearing, he stated under oath that he did not see a doctor prior to leaving his employment.
4. The Claimant's appeal to the Review Board was based on his; voluntarily leaving his job due to his health problems. He further stated that he went to see a doctor on July 2nd and was put on antidepressants but that was later proven to be erroneous.
Reasons for Appeal, ¶¶ 2-4.
Additionally, the employer claims that it failed to present relevant evidence at the hearing below, because the Referee improperly changed the issues "in the middle of the hearing." In this regard, the employer alleges the following specific reasons for appeal:
5. The employer went to said hearing with the complete understanding that the claimant had voluntarily left his job.
6. During the middle of said hearing, the hearing officer treated the controversy in question as a situation where the claimant was fired from this job rather than quit his job.
7. As a result of this shift in the middle of the hearing, as to the issues involved, the employer was put at a disadvantage inasmuch as they were not ready to supply data to refute the fact that he was fired from his job and had not voluntarily left.
8. Data such as his work records and the many violations of the employer's handbook were not put into evidence because the employer was under the impression that they were simply having to defend their actions based on the fact that the claimant had voluntarily left said premises.
Id., ¶¶ 5-8.
In response, the defendant Administrator filed a memorandum of CT Page 11402 law seeking a dismissal of the employer's appeal, on the grounds that: the employer has misconstrued the scope of review applied by courts in appeals of Board decisions, which does not allow the court to substitute its judgment for that of the Board regarding findings of fact; the credibility determinations of the Board are not subject to review; and the record before the Board clearly indicates that the employer waived its claim regarding the alteration of issues below.
II. DISCUSSION
Where, as here, a plaintiff fails to file a motion to correct the findings of the Board in accordance with Practice Book § 515A,[1]
this court's scope of review, in appeals of unemployment compensation decisions, is governed by General Statutes § 31-249b
and Practice Book § 519. General Statutes § 31-249b limits the court's ability to correct findings of the Board of Review to those circumstances defined in Practice Book § 519. Practice Book § 519 provides, in pertinent part, as follows:
 (a) Such appeals are heard by the court upon the certified copy of the record filed by the board. The court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses.
Similarly, the Connecticut Supreme Court recently summarized the applicable standard of review as follows:
 To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative CT Page 11403 board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion.
(Citations omitted.) United Parcel Service, Inc. v. Administrator,209 Conn. 381, 385-86, 551 A.2d 724 (1988).
Moreover, where, as here, the Board adopted the findings of fact of the Referee, and affirmed the Referee's decision, the court is bound by the findings of subordinate fact and reasonable factual conclusions made by the Referee. Finkenstein v. Administrator,192 Conn. 104, 112-13, 470 A.2d 1196 (1984); Burnham v. Administrator,184 Conn. 317, 321, 439 A.2d 1008 (1981). Further, legal conclusions must also stand, so long as they result from a correct application of the law to the facts found and could reasonably and logically follow from such facts. United Parcel Service, Inc. v.Administrator, supra, 209 Conn. 385. In the end, the court is limited to determining, on the record, whether there is a logical and rational basis for the decision of the Board or whether, in light of the evidence, the Board has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion. Fellin v.Administrator, 196 Conn. 440, 445, 493 A.2d 174 (1985).
Finally, under general principles of administrative law, the court must defer to the agency's assessment of the credibility of witnesses and to the agency's right to believe or disbelieve the evidence presented by any witness. Briggs v. State EmployeesRetirement Commission, 210 Conn. 214, 217-18, 554 A.2d 292 (1989);Manor Development Corp. v. Conservation Commission, 180 Conn. 692,697, 433 A.2d 999 (1980). Indeed, Connecticut courts have repeatedly refused to overturn Board decisions on the ground that the Board [or commissioner] accorded improper weight to the evidence presented. See, e.g., Howell v. Administrator, 174 Conn. 529,532, 391 A.2d 165 (1978) (rejecting the claim that a referee must credit uncontroverted testimony, because "it is the province of the referee as trier of fact to determine the credibility of the witnesses and the weight of the evidence") A.C. Gilbert Co. v.Kordorsky, 134 Conn. 209, 211, 56 A.2d 169 (1947) (refusing to substitute the appellant's version of the facts for the commissioner's, where the testimony was conflicting, because "[t]he commissioner had the right to determine what facts he would accept").
In the present case, the Board conducted a review of the record, including the tape recording of the Referee's hearing, CT Page 11404 pursuant to General Statutes § 31-249, prior to issuing its decision. Therein, the Board recited all the material evidence considered by the Referee, and specifically adopted the Referee's findings of fact. The relevant subordinate facts found by the Referee and adopted by the Board are as follows:
 1. The claimant filed a timely appeal from the Administrator's decision which denied benefits to the claimant from June 27, 1993. The Administrator determined that the claimant voluntarily left this position without sufficient cause. The issue of a possible discharge was raised and the notice of requirement was waived by both parties.
 3. The claimant was employed as a welder full time for Merriam Manufacturing Company from March 7, 1993 until July 2, 1993, when the claimant voluntarily resigned. The claimant offered his notice on July 1, 1993 as he believed that he was dying from liver disease, he had lost approximately forty pounds in four months and was extremely upset at that time. On July 2, 1993 as well as several occasions since then, the claimant informed the employer that he had changed his mind and wanted to continue working for the company.
 4. The employer indicated that once an employee offers his resignation, he has to leave the company. The employer informed the claimant that he could fill out another job application with the company. After the claimant offered his resignation he considered the situation and realized that he did not wish to resign but the employer insisted that he leave the company. The employer refused to rehire the claimant.
 5. The claimant did not have any problems with the job, nor did the employer issue any warnings to the claimant in the last year of employment. The record is absent of any job performance or attendance problems.
(Emphasis added.) Referee's Decision, dated October 8, 1993, at 1-2; Board's Decision, dated August 9, 1994, at 3-4.
In addition to these facts, the Board further found that, at the de novo hearing before the Referee, the Referee advised the parties that the claimant's separation appeared to be a discharge CT Page 11405 rather than a voluntary quit. Board's Decision, at 2. Additionally, the Board found that the Referee explained that although the Notice of Hearing Before a Referee stated that the issue before the Referee was a voluntary leaving, the parties could waive their right to notice of the discharge issue so that the Referee could proceed to question the parties regarding repeated wilful misconduct and issue a decision regarding the separation. Id. Further, the Board found that both parties did in fact agree to so waive their right to notice of the discharge issue. Id. Finally, the Board pointed out that the employer, which was represented by an attorney at the Referee hearing, did not request a continuance to provide documentation regarding its allegation that the claimant had a poor attendance record. Id.
The board then concluded, based on these factual findings, that the claimant did not voluntarily quit but, rather, was discharged when the employer refused to allow him to immediately rescind his resignation. Board's Decision, at 3-4. The Board further concluded that the claimant had committed no acts of wilful misconduct that would justify his discharge.[2] Accordingly, the Board concluded that the claimant was not entitled to benefits.
General Statutes § 31-236 (a) provides, in pertinent part, that:
 An individual shall be ineligible for [unemployment compensation] benefits . . . (2)(A) if, in the opinion of the administrator, he has left suitable work voluntarily and without sufficient cause connected with his work . . . provided . . . no individual shall be ineligible for benefits if he leaves suitable work (i) for sufficient cause connected with his work, including leaving as a result of changes in conditions created by his employer . . . .
[or]
 . . . (2)(B) if, in the opinion of the administrator, he has been discharged for . . . repeated wilful misconduct in the course of his employment . . . . [I]nstances of wilful misconduct in the course of an individual's employment shall only be considered to be "repeated" when they occur within one year of each other.
Thus, where it is determined that a claimant has either voluntarily left suitable work without sufficient job-connected cause, or that CT Page 11406 a claimant has been discharged for repeated wilful misconduct in the course of his employment, he will be deemed ineligible for benefits.
In the present case, there is ample evidence in the record to establish that the claimant did not voluntarily quit his job but, rather, was involuntarily discharged from his employment. See Board's Decision, at 3, citing Britt v. Graphic Center Inc., Board Case No. 559-87-BR (7/7/87) (an individual who quits his job in haste and, upon reflection, attempts to reclaim his position within a reasonable time, may not have voluntarily severed the employment relationship), citing Alia v. Altobello Child Youth Services,
Board Case No. 253-87-BR (8/31/87) (an employer's failure to allow an employee to rescind his notice of resignation converts the separation into a discharge unless the employer has taken substantial steps to replace the employee prior to the rescission); Referee's Decision, at 3, citing Pearl v. The Hartford Courant,
Board Case No. 884-BR-88 (10/28/88) (same).
Additionally, the record is devoid of any evidence establishing that the claimant engaged in acts of wilful misconduct that would justify his discharge from employment, prior to being discharged. Accordingly, the court finds that the Board's legal conclusion, that the claimant was discharged from his employment for conduct other than repeated wilful misconduct, thereby entitling him to unemployment compensation benefits, is logically and reasonably drawn from the facts found.
The fact that the claimant may or may not have testified in a particular way at the hearing below is of minor importance in the present case. As noted by the employer, credibility determinations are matters properly left to the Board rather than the court, especially where no motion to correct the factual findings of the Board has been filed and the court is left without a transcript of the proceedings below. See discussion, infra, at 4-6, and cases cited therein.
Additionally, the fact that the claimant may have characterized the manner in which he left his employment in a particular manner is of little weight, because where a controversy exists regarding the issue of whether a claimant quit or was discharged, the ultimate decision lies within the exclusive authority of the adjudicator and does not depend on either party's characterization of the separation. See Menna v. Administrator,
Superior Court, judicial district of Waterbury, Docket No. 64294 CT Page 11407 (April 22, 1985, O'Brien, J.) (upholding determination of discharge for repeated wilful misconduct, even though the employer
specifically claimed in the administrative proceeding that it did not discharge the employee for this reason).
Moreover, the record clearly indicates that the claimant did in fact raise the employer's refusal to allow him to rescind his resignation as an issue in his Statement to the Administrator, dated July 19, 1993 The fact that the claimant failed to recognize this as legally constituting a discharge is of no consequence.
Finally, the employer's claim that it did not have notice of the issues to be considered by the Referee at the hearing of this matter is of no merit. The record before the Board and this court clearly establish that the employer waived its right to notice of the discharge issue. Referee's Decision, at 1; Board's Decision, at 2. First, the Notice of Hearing Before a Referee sent to the employer included the following advisement:
 This will likely be the only hearing held regarding this matter. You will not be allowed another hearing to present evidence or witnesses which you fail to offer at this hearing unless you have good cause for your failure.
Board's Decision, at 2.
Additionally, at the hearing itself, the Referee specifically sought a waiver of the notice requirement regarding the discharge issue, and indicated to the parties that she believed that the claimant's separation appeared to be a discharge rather than a voluntary quit. Id. In this regard, the Referee explained that, although the Notice of Hearing Before a Referee stated that the issue before the Referee was a voluntary leaving, the parties could waive their right to notice of the discharge issue so that the Referee could proceed to question the parties regarding repeated; wilful misconduct and issue a decision regarding the separation. Id.
Both parties then agreed to waive their right to notice of the discharge issue and the employer, which was represented by an attorney, did not request a continuance to provide documentation regarding its allegation that the claimant had a poor attendance record. Id. Moreover, although the employer contends that it was not aware that the claimant would argue that he had rescinded his CT Page 11408 resignation, the claimant made this claim at the Administrator's fact-finding hearing which was attended by the employer. Id.
Further, the Board regulations themselves indicate that the characterization of an employment separation as a discharge or a voluntary leaving is often a single issue. Section 31-237g-30(c) provides, in pertinent part, as follows:
 The hearing may . . . cover, at the discretion of the Referee, any separate issue which the parties are prepared and willing to go forward on and on which they expressly waive right to notice of. An issue stated in terms of a voluntary leaving or a discharge shall generally be construed to be a single issue covering the separation from employment so that evidence on either or both kinds of separation may be received.
(Emphasis added.)
III. CONCLUSION
The Board's findings of fact have ample support in the record, and the Board's decision represents a correct application of the law to the facts found, and could reasonably follow from such findings. Accordingly, the employer's appeal is hereby dismissed.
BY THE COURT,
STANLEY, J.