[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
PROCEDURAL BACKGROUND
This is a statutory appeal brought by an employee, David M. Levarge, from a denial of unemployment compensation benefits. The record indicates that the Administrator determined the employee was eligible for benefits. The employer filed a timely appeal to a referee. The referee conducted a de novo hearing, made findings CT Page 8014 of fact and reversed the Administrator's determination of eligibility. The claimant appealed to the board of review. The board of review adopted and added to the findings of the referee and affirmed his decision dismissing the claimant's appeal.
On February 14, 1996, the claimant filed the instant appeal in the Superior Court pursuant to Section 31-249b. In that appeal, the claimant challenged the board's finding that he was discharged for falsification of his time card and repeated unauthorized absences from the work place.
DISCUSSION
This Court is bound by the findings of subordinate facts and reasonable factual conclusions of the board. Guevara v.Administrator, 172 Conn. at 495. Our courts in keeping with established principle and Practice Book Section 519 have repeatedly refused to overturn board decisions on the grounds that the board acted in an improper manner in weighing evidence.A.C. Gilbert Company v. Kordorsky, 134 Conn. 209 (1947).
The scope of the Court's review of the board's factual decision is even more confined in an appeal such as the instant one because of the requirement that the appellant file a motion to correct the findings of the board in accordance with Practice Book Sections 515A and 519.
At the argument on this matter, the claimant, Mr. Levarge, who appeared pro se, appeared to largely recognize the futility of continuing to question the factual findings below. Rather, at argument, the claimant appeared to rely almost entirely on a provision in Section 257 of the Practice Book. That section provides in pertinent part:
 "If a party fails timely to file the record, answer, or brief in compliance with this paragraph, the court may, on its own motion or on the motion of one of the parties, and after hearing, make such order as the ends of justice require. Such order may include but are not limited to the following or any combination thereof; . . . . (iii) If the party not in compliance is a defendant, an order sustaining the appeal, an order remanding the case, or an order dismissing such defendant as a party to the appeal." CT Page 8015
On April 23, 1997, the Administrator filed a motion for extension of time, which included the following information:
 "4. On April 22, 1997, the defendant, upon inquiry, was informed by the clerk's office that plaintiff had filed his brief on March 27, 1997.
 5. The defendant never received a copy of the plaintiff's brief."
In that motion, the Administrator represented by Attorney Laurie Adler requested an extension of time to file a brief which was granted by Solomon, J. on May 12, 1997, and extended the time for filing a brief until June 13, 1997.
The Administrator's brief, which is contained in the court file, is dated June 12, 1997, and file stamped by the clerk's office in New London, June 16, 1997. The essential thrust of the claimant's argument is that the Administrator's brief was due June 13, but was not received until three days later on June 16. Because in the view of the claimant the brief was filed three days late, the claimant asked this court to exercise its discretion to sustain his appeal as authorized by Section 257 (iii) of the Practice Book.
The Court takes judicial notice of the fact that June 12, 1997, was a Thursday, and June 16, 1997, was the following Monday. While it is clear that the brief was file stamped in the clerk's office on Monday, there is no evidence clearly indicating whether the brief was received in the clerk's office on Monday the 16th or on Friday the 13th, as provided in Judge Solomon's order.
In any event, particularly in view of the fact that the claimant's brief of March 9 appears not to have been served on the defendant as required by the Practice Book, this Court is unwilling to exercise its discretion to sustain the appeal even assuming that the Administrator was three days late in filing his brief.
CONCLUSION
Since the claimant essentially abandoned its factual claims at argument, since the Court sees no basis for reviewing the CT Page 8016 facts as found below, and since the Court is unwilling to rule for the claimant as a matter of discretion, even if the Administrator's brief was three days late, a fact which the Court is not prepared to find, the appeal is dismissed and the action below is affirmed.
Kevin E. Booth, J.