# FRANK ADDONA *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT, ET AL.
## (AC 30721)

Bishop, DiPentima and Beach, Js.*

Argued February 8—officially released May 25, 2010

---

*The listing of judges reflects their seniority status on this court as of the date of oral argument.

*Richard T. Sponzo,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Thomas P. Clifford III* and *Philip M. Schulz,* assistant attorneys general, for the appellant (named defendant).

*Frank Addona,* pro se, the appellee (plaintiff).

*Opinion*

DiPENTIMA, J. The defendant administrator of the Unemployment Compensation Act[1] appeals from the judgment of the trial court reversing the decision of the employment security board of review (board). The board had affirmed the decision of an appeals referee of the employment security appeals division who had found that the plaintiff, Frank Addona, was not entitled to unemployment compensation benefits. On appeal, the defendant claims that the court improperly determined that the plaintiff had been denied due process of law. We agree and, accordingly, reverse the judgment of the trial court.

The record reveals the following facts. On March 7, 2007, the plaintiff, who had been employed full-time as a plater since 1985, spoke with the union president regarding upcoming negotiations with respect to a new contract. On March 9, 2007, the plaintiff expressed his displeasure with a part of the new contract.[2] The plaintiff was advised that he should remain in his assigned work area and refrain from creating a disturbance. Later

---

[1] The plaintiff's employer, Sargent Manufacturing Company, was a defendant at trial but is not involved in this appeal. We refer in this opinion to the administrator of the Unemployment Compensation Act as the defendant.

[2] Specifically, the plaintiff voiced his complaints to "lead man" Bobby Cox.

that day, the plaintiff left his work area and initiated a verbal conflict with his coworkers. As result of this second incident, the plaintiff was suspended from his employment with Sargent Manufacturing Company (Sargent), for a period of seven weeks. The plaintiff filed a claim for unemployment compensation benefits for this seven week period, which the defendant denied on March 29, 2007. The basis for the denial was that the plaintiff had "violated policy by creating a disturbance in the workplace, raising his voice, and speaking in an inappropriate and offensive manner to co-workers, and calling at least one co-worker an idiot."

The plaintiff appealed the denial of his request for unemployment compensation benefits to the appeals referee.[3] See General Statutes § 31-237j.[4] The referee conducted a de novo hearing over two days.[5] On April 19, 2007, the plaintiff, along with Tony Fasulo, a manager at Sargent, and Jan Tantimonico, the human resources manager of Sargent, appeared in person before the referee. On May 1, 2007, however, the same three individuals participated in the continued hearing by telephone. Sargent did not present any of the witnesses who directly had observed the plaintiff's conduct on the day that he was suspended. Instead, Fasulo and

[3] "The employment security administrative appellate system established pursuant to General Statutes § 31-237b provides for an employment security board of review and a referee section which are separate and apart from the administrator of the unemployment act." *Robinson* v. *Unemployment Security Board of Review,* 181 Conn. 1, 2, 434 A.2d 293 (1980).

[4] General Statutes § 31-327j (a) provides in relevant part: "The referees shall promptly hear and decide appeals from the decisions of the administrator of this chapter, or his designee, appeals from all other determinations made pursuant to any provision of this chapter and appeals from any proceeding conducted by authorized personnel of the Employment Security Division pursuant to directives of the United States of America and the Secretary of Labor of the United States. . . ."

[5] See *Valley Surgical Group, P.C.* v. *Administrator,* 6 Conn. App. 588, 589, 506 A.2d 1075 (appeals referee conducts de novo hearing of administrator's decision), cert. denied, 200 Conn. 802, 509 A.2d 516 (1986).

Tantimonico testified as to what these witnesses had reported to them. Thereafter, on May 4, 2007, the referee affirmed the defendant's decision to deny benefits. Specifically, the referee set forth the following: "In this case [Sargent] presented largely hearsay testimony. However, Tantimonico's firsthand testimony about her receipt of complaints corroborates [Sargent's] basic allegations: the [plaintiff] became overly angry about the union contract. After being warned to refrain from making a disturbance, later in the day the [plaintiff] revisited his views, creating a disturbance as revealed by numerous employees' complaints. *The [plaintiff's] testimony* corroborates *[Sargent's] assertion* that he resumed his angry tirade well after he initially spoke with [fellow employee] Bobby Cox that morning." (Emphasis altered.) The referee concluded that the plaintiff unreasonably prolonged the argument, after being directed to refrain from such conduct, and that such conduct constituted wilful misconduct in the course of his employment. Accordingly, the plaintiff was disqualified from receiving unemployment compensation pursuant to General Statutes § 31-236 (a) (2) (B).

The plaintiff filed an appeal with the board pursuant to General Statutes § 31-249. The plaintiff argued that the referee improperly prevented him from testifying in person and that there were technical difficulties with his telephone testimony. The board adopted the findings and conclusions of the referee,[6] affirmed the decision of the referee and dismissed the plaintiff's appeal. The board concluded: "Creating unwarranted disruption in the workplace is wilful misconduct. . . . The referee ruled that the incident which led to the [plaintiff's suspension] was not a single hot-headed incident, because he found that the [plaintiff] continued to rail against the union negotiating committee members even

---

[6] The board did make certain minor corrections to the referee's findings.

when he was given the opportunity to calm down. Although [Sargent] did not bring any firsthand witnesses to the [plaintiff's] conduct, [Sargent] produced the testimony of a manager and [the] human resource manager who received the complaints from several named employees who were offended and upset about the [plaintiff's] becoming agitated and raising his voice at them while they tried to work. The manager advised the [plaintiff] not to go around yelling at people because he would get in trouble and advised him not to leave his work area. . . . The [plaintiff] admitted that he was upset when a contractual provision was not included in the union contract and that he raised his voice and called another employee an idiot."

The plaintiff appealed from the board's decision to the Superior Court on August 3, 2007.[7] The plaintiff raised seven issues in his appeal: (1) whether the referee improperly admitted into evidence his 2004 suspension and several documents related to that incident; (2) whether the referee and board improperly considered various hearsay statements made by Fasulo and Tantimonico; (3) whether the referee and board improperly considered Fasulo's statements despite the fact that he contradicted himself; (4) whether the referee and board's reliance on hearsay statements of Fasulo and Tantimonico resulted in a due process violation; (5) whether the referee and board improperly failed to consider Fasulo's statements that he was aware that the plaintiff often left his assigned area as part of his duties; (6) whether the referee improperly conducted a part of the hearing by telephone, despite the plaintiff's objection, as well as in an unprofessional manner; and (7) whether the referee and board improperly concluded that the plaintiff was suspended for wilful misconduct.

---

[7] See General Statutes § 31-249b and Practice Book § 22-1.

The court determined that the due process claim was dispositive of the plaintiff's appeal.[8] Specifically, it concluded that "in the circumstances of this case, the plaintiff had met his burden of demonstrating that he suffered substantial prejudice as the result of procedural defects in the conduct of the hearing. The court finds that the combination of a telephone hearing, conducted over objection and without explanation, with the admission of nearly exclusive hearsay, rises to the level of a procedural due process violation. The court finds that hearsay evidence constituted the substantial basis for the denial of unemployment compensation benefits to the plaintiff and concludes that said circumstance, in combination with a telephone hearing, warrants remedial action by the court." Accordingly, it sustained the appeal and ordered the board to remand the case to a referee for a new hearing. This appeal followed.[9] Additional facts will be set forth as necessary.

As a preliminary matter, we note the unique place this type of appeal holds in our appellate jurisprudence. "[A]ppeals from the board to the Superior Court are specifically exempted from governance by General Statutes § 4-166 et seq., the Uniform Administrative Procedure Act. All appeals from the board to the court are

---

[8] Accordingly, the court reasoned that it was not necessary to reach the merits of the other claims raised by the plaintiff.

[9] Our Supreme Court has stated: "Under our existing case law, we have distinguished . . . between two kinds of administrative remands. A trial court may conclude that an administrative ruling was in error and order further administrative proceedings on that very issue. In such a circumstance, we have held the judicial order to be a final judgment, in order to avoid the possibility that further administrative proceedings would simply reinstate the administrative ruling, and thus would require a wasteful second administrative appeal to the Superior Court on that very issue. . . . A trial court may alternatively conclude that an administrative ruling is in some fashion incomplete and therefore not ripe for final judicial adjudication." (Citations omitted.) *Schieffelin & Co.* v. *Dept. of Liquor Control*, 202 Conn. 405, 410, 521 A.2d 566 (1987). There is nothing in the record to suggest that the court concluded that the board's ruling was incomplete and not ripe for final adjudication; therefore, we determine the decision of the court to be an appealable final judgment.

controlled by [General Statutes] § 31-249b." *Calnan* v. *Administrator, Unemployment Compensation Act,* 43 Conn. App. 779, 783, 686 A.2d 134 (1996); see also *Shah* v. *Administrator, Unemployment Compensation Act,* 114 Conn. App. 170, 175, 968 A.2d 971 (2009). We also are mindful of the remedial nature of our state's statutory scheme of unemployment compensation. *Church Homes, Inc.* v. *Administrator, Unemployment Compensation Act,* 250 Conn. 297, 306, 735 A.2d 805 (1999). This remedial purpose, however, does not support the granting of benefits to an employee guilty of wilful misconduct. *Todd* v. *Administrator,* 5 Conn. App. 309, 312, 497 A.2d 1035 (1985).

We now set forth our standard of review. "In appeals under . . . § 31-249b, the Superior Court does not retry the facts or hear evidence but rather sits as an appellate court to review only the record certified and filed by the board of review. Practice Book § 519 [now § 22-9]. The court is bound by the findings of subordinate facts and reasonable factual conclusions made by the appeals referee where, as here, the board of review adopted the findings and affirmed the decision of the referee. . . . Judicial review of the conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the board of review has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." (Citations omitted; internal quotation marks omitted.) *Burnham* v. *Administrator,* 184 Conn. 317, 321–22, 439 A.2d 1008 (1981); see also *Mattatuck Museum-Mattatuck Historical Society* v. *Administrator,* 238 Conn. 273, 276, 679 A.2d 347 (1996). Nonetheless, issues of law afford a reviewing court a broader standard of review when compared to a challenge to the factual findings of the referee. See *United Parcel Service, Inc.* v. *Administrator,* 209 Conn. 381, 385, 551 A.2d 724 (1988).

In the present case, the court determined that the combination of the hearsay testimony and the telephone hearing resulted in a violation of due process. At the outset, we note that § 31-237g-17 of the Regulations of Connecticut State Agencies expresses a preference for in-person hearings but allows for hearings by telephone.[10] Additionally, the board consistently has concluded that telephone hearings do not violate due process and are constitutional. See, e.g., *Bizub* v. *Fitness 4000, LLC*, Employment Security Appeals Division Board of Review, Case No. 983-Br-06 (August 18, 2006) (stating both federal and state court have ruled that telephone hearings satisfy due process); *Smith* v. *Tempo Staffing*, Employment Security Appeals Division Board of Review, Case No. 124-BR-03 (March 5, 2003) (citing *Gerardi* v. *Administrator, Unemployment Compensation Act*, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 288425 [June 14, 1984]); *Langevin* v. *Barrieau Express, Inc.*, Employment Security Appeals Division Board of Review, Case No. 196-BR-01 (March 16, 2001) (citing case law and board decisions concluding that telephone hearing are constitutional); *Morales* v. *Dolce International Heritage, Inc.*, Employment Security Appeals Division Board of Review, Case No. 1535-BR-98 (October 20, 1998) (stating federal, state courts have determined that telephone hearings not violative of due process and are constitutional). Last, we note that sibling authorities have concluded that telephone hearings

---

[10] Specifically, § 31-237g-17 (a) of the Regulations of Connecticut State Agencies provides in relevant part: "To the extent practicable and reasonable under the circumstances of each intrastate appeal, in-person hearings, whereby all parties and witnesses are expected to be physically present at the same hearing location, shall be the preferred manner of scheduling and conducting intrastate hearings, but the Appeals Division may, on its own initiative or upon the timely request of a party made prior to the hearing which shows good cause therefor, make arrangements for conducting a telephone hearing on an intrastate appeal whereby some or all of the parties and witnesses testify by telephone, subject to the availability of sufficient telephone lines at the hearing location. . . ."

in the context of unemployment compensation benefits are permissible and described them as "a pragmatic solution, made possible by modern technology, which attempts to reconcile the problem of geographically separated adversaries with the core elements of a fair adversary hearing . . . ." *Slattery* v. *Unemployment Ins. Appeals Board*, 60 Cal. App. 3d 245, 251, 131 Cal. Rptr. 422 (1976); see also *Greenberg* v. *Simms Merchant Police Service*, 410 So. 2d 566 (Fla. App. 1982); *Babcock* v. *Employment Division*, 72 Or. App. 486, 489–91, 696 P.2d 19 (1985).[11]

Looking at the second part of the court's conclusion, we begin by noting that hearsay testimony, so long as it is sufficiently trustworthy, generally is admissible in administrative hearings. *Carlson* v. *Kozlowski*, 172 Conn. 263, 266, 374 A.2d 207 (1977); see also *Richardson* v. *Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The General Assembly expressly has provided that "[t]*he referees and the board shall not be bound by the ordinary common law or statutory rules of evidence or procedure.*" (Emphasis added.) General Statutes § 31-244a. "Nonetheless, procedural due process is a requirement of adjudicative administrative hearings . . . and the admission of hearsay material . . . without an opportunity to cross-examine is ordinarily a deprivation of procedural due process." *Balkus* v. *Terry Steam Turbine Co.*, 167 Conn. 170, 177, 355 A.2d 227 (1974). In the present case, none of the employees present for the verbal conflicts involving the plaintiff testified either in person or by telephone. Only Fasulo and Tantimonico appeared for the two hearings, and neither was present during either incident on March

[11] The plaintiff also challenges the sound quality and nature of a telephone hearing. The referee did not make any findings regarding the sound quality, or lack thereof, or the nature of the telephone hearing. Because the plaintiff failed to file a motion to correct pursuant to Practice Book § 22-4, as we will discuss, we are unable to review this claim.

9, 2007. The referee found that "[s]everal employees informed . . . Tantimonico that they felt uncomfortable about the [plaintiff's] anger and use of profanity." The plaintiff was unable to cross-examine these co-workers and those involved in the verbal confrontation. We also note that the referee's written decision states: "In this case [Sargent] presented largely hearsay testimony."[12]

Even if we assume, arguendo, that the plaintiff was denied due process by the admission of and reliance on unreliable hearsay evidence, we conclude that he did not suffer material prejudice as a result. The plaintiff himself testified that he engaged in a second confrontation after the initial incident. The referee found that it was that conduct that formed the basis for his conclusion that the plaintiff had engaged in wilful misconduct[13] and thus resulted in the plaintiff's ineligibility to receive unemployment compensation benefits pursuant to § 31-236 (a) (2) (B). In other words, there was other evidence, namely, the plaintiff's own testimony, apart from the hearsay evidence on which the referee found wilful misconduct. We conclude, therefore, that the plaintiff was not harmed by the referee's consideration of the hearsay evidence presented by Sargent. See *Testone* v.

---

[12] The board also noted that Sargent had failed to "bring any firsthand witnesses to the [plaintiff's] conduct . . . ."

[13] We have stated that "wilful misconduct refers to conduct evincing a wilful disregard of an employer's interest such as deliberate violations of the employer's procedures or a disregard of expected standards of behavior. . . . Wilful misconduct includes deliberate disobedience or the intentional violation of a known rule." (Citations omitted; internal quotation marks omitted.) *Todd* v. *Administrator*, supra, 5 Conn. App. 312; see also *Bigelow Co.* v. *Waselik*, 133 Conn. 304, 308, 50 A.2d 769 (1946) ("The breach of a rule by one who knows at the time that he is breaking the rule is a wilful breach . . . . It follows that improper or wrong conduct which is intentional, that is, such as is done purposely with knowledge, constitutes wilful misconduct, and therefore the deliberate violation of a reasonable rule in connection with work is sufficient to constitute wilful misconduct." [Internal quotation marks omitted.]).

*C. R. Gibson Co.*, 114 Conn. App. 210, 219, 969 A.2d 179 (harmless error if record as a whole supports ultimate conclusion of agency), cert. denied, 292 Conn. 914, 973 A.2d 663 (2009); see also *Megin* v. *Zoning Board of Appeals*, 106 Conn. App. 602, 614, 942 A.2d 511, cert. denied, 289 Conn. 901, 957 A.2d 871 (2008); *Crabtree Realty Co.* v. *Planning & Zoning Commission*, 82 Conn. App. 559, 571, 845 A.2d 447, cert. denied, 269 Conn. 911, 852 A.2d 739 (2004).

In his brief, the plaintiff[14] claims that he never admitted to wilful misconduct and that there never was "an angry tirade." The referee, however, expressly found that the plaintiff's testimony corroborated Sargent's assertion that he had resumed his "angry tirade" well after the initial incident. The plaintiff did not file a motion for correction of the findings in accordance with Practice Book § 22-4. Our case law is clear that the failure to file such a motion acts as a bar to any further review of the facts found in an unemployment compensation benefits hearing. See *JSF Promotions, Inc.* v. *Administrator, Unemployment Compensation Act*, 265 Conn. 413, 422–23, 828 A.2d 609 (2003); *Reeder* v. *Administrator, Unemployment Compensation Act*, 88 Conn. App. 556, 558, 869 A.2d 1288, cert. denied, 275 Conn. 918, 883 A.2d 1245 (2005); *Calnan* v. *Administrator, Unemployment Compensation Act*, supra, 43 Conn. App. 784–85.

We conclude that the court improperly concluded that the combination of the telephone hearing and the

---

[14] The plaintiff has represented himself throughout these proceedings. "Although we are mindful of our policy to be solicitous of pro se litigants . . . such policy is applicable only when it does not interfere with the rights of other parties. Although our courts allow pro se litigants some latitude, the right of self-representation provides no attendant license not to comply with the relevant rules of procedural and substantive law." (Citation omitted; internal quotation marks omitted.) *Shah* v. *Administrator, Unemployment Compensation Act*, supra, 114 Conn. App. 177.

use of hearsay evidence denied the plaintiff his right to due process. We are persuaded that the record fails to establish any infirmity as to the telephone hearing and that any impropriety with respect to the hearsay evidence was harmless as a result of the plaintiff's own testimony.

The judgment of the trial court is reversed as to the plaintiff's due process claim and the case is remanded to that court for consideration of the plaintiff's remaining claims.

In this opinion the other judges concurred.

---

* The listing of judges reflects their seniority status on this court as of the date of oral argument.