******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## KARIM SEWARD *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT, ET AL.
## (AC 41423)

DiPentima, C. J., and Alvord and Diana, Js.

*Syllabus*

The defendant administrator of the Unemployment Compensation Act appealed to this court from the judgment of the trial court sustaining the plaintiff's appeal from the decision of the Employment Security Board of Review, which affirmed the determination by an appeals referee that the plaintiff was not entitled to certain unemployment benefits. The plaintiff, who had been employed as a truck driver for C Co., had been discharged from his employment due to his failure to follow certain safety protocols, which resulted in the trailer separating from a truck that he was driving, causing damages. The plaintiff had filed an application for unemployment compensation benefits that initially was approved by the administrator. C Co. appealed from that decision, and the appeals referee, following a hearing, found that because the plaintiff had engaged in wilful misconduct, he was ineligible to receive benefits. The plaintiff, who did not attend the hearing before the appeals referee, thereafter filed a motion to open the referee's decision, which the referee denied on the ground that the plaintiff had not established good cause for his failure to participate in the hearing. The board subsequently affirmed the decision of the referee, concluding that the plaintiff had waived his right to challenge the referee's findings by failing to attend the hearing. The board further concluded that the plaintiff's reason for his absence, namely, that he did not open the referee's hearing notice because it did not indicate it was from the appeals division and, therefore, he had been unaware of the hearing date, did not constitute good cause. Thereafter, the plaintiff appealed to the trial court, which denied the administrator's motion for a judgment of dismissal and remanded the matter to the board with direction to grant the motion to open. In doing so, the trial court, which found that the plaintiff was an ordinary, working class person who had been overwhelmed by the amount of mail he was receiving, that he immediately moved to open the matter upon realizing his error, and that he already had been deemed eligible for benefits, concluded that the denial of the motion to open constituted an abuse of discretion. *Held* that the trial court exceeded the scope of its authority by making factual findings not in the record and relying on those findings in determining that the board had abused its discretion by denying the plaintiff's motion to open; in an appeal from a decision of the board, the trial court is bound by the board's factual findings, and, therefore, it was improper for the trial court to make and to rely on its own factual finding, namely, that the plaintiff was an ordinary layperson who had been overwhelmed by the amount of mail he was receiving, as a basis for its determination that the board's conclusion that the plaintiff had not established good cause to open the appeal referee's decision was an abuse of discretion.

Submitted on briefs April 23—officially released July 30, 2019

*Procedural History*

Appeal from the decision of the Employment Security Board of Review affirming the decision by an appeals referee that the plaintiff was not entitled to certain unemployment compensation benefits, brought to the Superior Court in the judicial district of Waterbury and tried to the court, *Hon. Joseph H. Pellegrino*, judge trial referee; judgment sustaining the appeal and remanding the case for further proceedings, from which the named

defendant appealed to this court. *Reversed; judgment directed.*

*Beth Z. Margulies* and *Philip M. Schulz*, assistant attorneys general, and *George Jepsen*, former attorney general, filed a brief for the appellant (named defendant).

*Opinion*

DiPENTIMA, C. J. The defendant, the Administrator of the Unemployment Compensation Act, appeals from the judgment of the Superior Court reversing the decision of the Employment Security Board of Review (board) denying benefits to the plaintiff, Karim Seward, and remanding the matter to the board for further proceedings.[1] On appeal, the defendant claims that the court improperly (1) found and relied on facts beyond those certified by the board and (2) used those facts to determine that the board had abused its discretion in concluding that the plaintiff had not established good cause to open the decision of the appeals referee. We agree and, accordingly, reverse the judgment of the Superior Court.

The following facts and procedural history are relevant to our discussion. Cowan Systems, LLC (Cowan), employed the plaintiff as a truck driver from August 23, 2016, until March 15, 2017. On March 11, 2017, the plaintiff drove out of Cowan's truck yard in the course of his work duties. Shortly thereafter, the trailer separated from the truck, resulting in approximately $10,000 in damages. At the commencement of the plaintiff's employment, Cowan had informed the plaintiff of the requirement to conduct a "pull test," which was designed to prevent separation of the trailer from the truck, ensure safety and prevent property damage. Despite the plaintiff's claim that the separation had been the result of equipment failure, Cowan concluded that the plaintiff had failed to conduct the "pull test" and considered the incident to have been a "preventable accident" and therefore terminated his employment.

On April 24, 2017, the defendant approved the plaintiff's application for unemployment compensation benefits. Cowan appealed the defendant's determination to the Employment Security Appeals Division. The appeals referee, in a May 19, 2017 decision, noted that the plaintiff had failed to participate in the May 18, 2017 hearing. The referee further stated that the issue was "whether the employer discharged the [plaintiff] for wilful misconduct in the course of his employment." After setting forth the factors for determining whether an employee had been discharged from employment for wilful misconduct, and thus was ineligible for unemployment compensation benefits; see General Statutes § 31-236 (a) (2) (B); the referee found that the accident resulted from the plaintiff's failure to conduct a "pull test." Applying the applicable statute[2] and the relevant factors set forth in the Regulations of Connecticut State Agencies,[3] the referee determined that the plaintiff had "knowingly violated a reasonable employer policy which was uniformly enforced and reasonably applied." The referee further concluded that the plaintiff was disqualified from receiving unemployment benefits pursuant to § 31-236 (a) (2) (B). Accordingly, the referee

sustained Cowan's appeal. The plaintiff's subsequent motion to open the referee's decision was denied for failing to "[cite] any reason that could constitute good cause for failing to participate in the referee's hearing on May 18, 2017."

The plaintiff filed a timely appeal to the board, where the issues were "whether the [plaintiff] has demonstrated good cause for failing to participate in the referee's hearing which was scheduled for May 18, 2017; and whether the referee properly denied the [plaintiff's] motion to [open]." In his "written argument" in support of his appeal, the plaintiff stated: "I was totally unaware of the scheduled hearing date of May 18th and [it was] denied based on the fact of not being involved. I was not involved in that hearing because I was not aware of it. When I received the hearing packet, it wasn't marked to indicate it was from the appeals department, nothing to show it was anything different from what is normally sent after starting a claim and I missed the date."

The board concluded that this was not a sufficient excuse for failing to appear at the May 18, 2017 hearing, stating: "[W]e find that the [plaintiff's] failure to timely read his mail constituted poor mail handling, which does not excuse his failure to participate in the referee's May 18, 2017 hearing. We conclude that the [plaintiff] has not shown good cause for failing to appear at the referee's hearing and that the referee did not err in denying his motion to [open]. By choosing not to attend the referee's hearing despite having received notice of the hearing, the [plaintiff] has waived the right to object to the referee's findings of fact and conclusions of law which were based on the testimony and evidence presented at that hearing." (Footnote omitted.) Accordingly, the board affirmed the decision of the referee.

On September 13, 2017, the plaintiff filed an appeal with the Superior Court.[4] Approximately three months later, the defendant filed a motion for a judgment to dismiss the appeal. On February 14, 2018, the court, after conducting a hearing, issued a memorandum of decision overruling the defendant's motion and remanding the matter to the board with direction to grant the motion to open to afford the plaintiff an opportunity to defend the initial ruling that he was entitled to unemployment benefits. The court "observed that the [plaintiff] was just an ordinary, working class person a bit overwhelmed with the amount of mail he was receiving . . . . When the [plaintiff] realized his error, he immediately requested that the matter be reopened so that he could have an opportunity to present his case. To deny the [plaintiff] an opportunity to have his day in 'court' when he already was adjudicated eligible for benefits is, in the opinion of this court, a gross abuse of discretion, especially when he immediately responded to the decision of the [board] when he dis-

covered his mistake. There would not have been a long delay in the process if his request would have been granted and he would have had an opportunity to present his side of the story." This appeal followed.[5]

As an initial matter, we set forth the general principles regarding an appeal involving unemployment benefits. "In the processing of unemployment compensation claims . . . the administrator, the referee and the employment security board of review decide the facts and then apply the appropriate law. . . . [The administrator] is charged with the initial responsibility of determining whether claimants are entitled to unemployment benefits. [See generally] General Statutes § 31-241. . . . This initial determination becomes final unless the claimant or the employer files an appeal within twenty-one days after notification of the determination is mailed. [General Statutes § 31-241(a)]. Appeals are taken to the employment security appeals division which consists of a referee section and the board of review. [See] General Statutes §§ 31-237a [and] 31-237b. . . . The first stage of claims review lies with a referee who hears the claim de novo. The referee's function in conducting this hearing is to make inquiry in such manner, through oral testimony or written and printed records, as is best calculated to ascertain the substantial rights of the parties and carry out justly the provisions . . . of the law. General Statutes § 31-244. This decision is appealable to the board of review. General Statutes § 31-249. Such appeals are heard on the record of the hearing before the referee although the board may take additional evidence or testimony if justice so requires. [General Statutes § 31-249]. Any party, including the administrator, may thereafter continue the appellate process by appealing to the Superior Court and, ultimately, to [the Appellate and Supreme Courts]." (Internal quotation marks omitted.) *Ray* v. *Administrator, Unemployment Compensation Act*, 133 Conn. App. 527, 531–32, 36 A.3d 269 (2012); see also *Addona* v. *Administrator, Unemployment Compensation Act*, 121 Conn. App. 355, 360–61, 996 A.2d 280 (2010) (appeals from board to Superior Court are exempted from Uniform Administrative Procedure Act, General Statutes § 4-166 et seq., and controlled by § 31-249b).

The standard of review for judicial review of this type of case is well established. "In appeals under . . . § 31-249b, the Superior Court does not retry the facts or hear evidence but rather sits as an appellate court to review only the record certified and filed by the board of review. Practice Book § [22-9]. The court is bound by the findings of subordinate facts and reasonable factual conclusions made by the appeals referee where, as here, the board . . . adopted the findings and affirmed the decision of the referee. . . . Judicial review of the conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the board

of review has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion. . . . Nonetheless, issues of law afford a reviewing court a broader standard of review when compared to a challenge to the factual findings of the referee." (Citations omitted; internal quotation marks omitted.) *Addona* v. *Administrator, Unemployment Compensation Act*, supra, 121 Conn. App. 361; see also *Burnham* v. *Administrator, Unemployment Compensation Act*, 184 Conn. 317, 321–22, 439 A.3d 1008 (1981).

On appeal, the defendant claims that the Superior Court exceeded the scope of its review by finding and relying on facts outside of the certified record, in violation of controlling case law and our rules of practice, and then improperly used those facts to determine that the board had abused its discretion. We agree.

In its decision, the court found, on the basis of its observations, that "the [plaintiff] was just an ordinary, working class person a bit overwhelmed with the amount of mail he was receiving . . . ." It further found that the plaintiff has made immediate efforts to remedy his error in failing to attend the hearing before the referee. These facts formed the foundation of the court's conclusion that denying the plaintiff an opportunity to present his case amounted to a "gross abuse of discretion."

The board did not find that the plaintiff was "an ordinary, working class person" who had been overwhelmed by the volume of mail related to the claim for unemployment benefits. "In an appeal to the court from a decision of the board, the court is not to find facts. . . . In the absence of a motion to correct the finding of the board, the court is bound by the board's finding." (Citations omitted.) *Ray* v. *Administrator, Unemployment Compensation Act*, supra, 133 Conn. App. 533; see also *Belica* v. *Administrator, Unemployment Compensation Act*, 126 Conn. App. 779, 786, 12 A.3d 1067 (2011) (failure to file timely motion for correction of board's findings in accordance with Practice Book § 22-4 prevents further review of facts found by board); *Shah* v. *Administrator, Unemployment Compensation Act*, 114 Conn. App. 170, 176, 968 A.2d 971 (2009) (same); *Kaplan* v. *Administrator, Unemployment Compensation Act*, 4 Conn. App. 152, 153, 493 A.2d 248 (power of Superior Court is limited in this type of appeal; it does not try matter de novo and its function is not to adjudicate questions of fact), cert. denied, 197 Conn. 802, 495 A.2d 281 (1985).

We conclude that the Superior Court exceeded the scope of its review in this case by finding facts. The facts improperly found by the court formed the basis of its determination that the board had abused its discretion. Stated differently, the reasoning of the Superior Court, in reversing the decision of the board and remanding the case for further proceedings, rested on

*facts found by the court.* The Superior Court, under these facts and circumstances, was bound by the facts *found by the board.* By making and relying on its own factual findings, the Superior Court exceeded its role. The determination that the board abused its discretion, therefore, is improper.

The judgment is reversed and the case is remanded with direction to render judgment affirming the decision of the Employment Security Board of Review.

In this opinion the other judges concurred.

[1] The plaintiff, who prevailed before the Superior Court, did not file a brief; therefore, this appeal was considered on the basis of the defendant's brief and appendix only.

[2] General Statutes § 31-236 (a) provides in relevant part: "An individual shall be ineligible for benefits . . . (2) . . . (B) if, in the opinion of the administrator, the individual has been discharged . . . for . . . wilful misconduct in the course of the individual's employment . . . ." General Statutes § 31-236 (a) (16) provides in relevant part that " 'wilful misconduct' means deliberate misconduct in wilful disregard of the employer's interest, or a single knowing violation of a reasonable and uniformly enforced rule or policy of the employer, when reasonably applied, provided such violation is not a result of the employee's incompetence . . . ."

[3] "To establish that an individual was discharged or suspended for wilful misconduct under this definition, pursuant to § 31-236-23b of the Regulations of Connecticut State Agencies, all of the following findings must be made. First, there must have been a knowing violation in that (1) the individual knew of such rule or policy, or should have known of the rule or policy because it was effectively communicated to the individual. . . . (2) [T]he individual's conduct violated the particular rule or policy; and (3) the individual was aware he [or she] was engaged in such conduct. Regs., Conn. State Agencies § 31-236-26b (a). Second, the rule or policy must be reasonable in that it furthers the employer's lawful business interest. Id., § 31-236-26b (b). Third, the rule or policy must be uniformly enforced in that similarly situated employees subject to the workplace rule or policy are treated in a similar manner when a rule or policy is violated. Id., § 31-236-26b (c). Fourth, the rule or policy must be reasonably applied in that (1) . . . the adverse personnel action taken by the employer is appropriate in light of the violation of the rule or policy and the employer's lawful business interest . . . and (2) . . . there were no compelling circumstances which would have prevented the individual from adhering to the rule or policy. Id., § 31-236-26b (d). Fifth, the violation of the rule or policy must not have been a result of the individual's incompetence, where the individual was incapable of adhering to the requirements of the rule or policy due to a lack of ability, skills or training, unless it is established that the individual wilfully performed below his employer's standard and that the standard was reasonable. Id., § 31-236-26b (e)." (Internal quotation marks omitted.) *Resso* v. *Administrator, Unemployment Compensation Act,* 147 Conn. App. 661, 666, 83 A.3d 723 (2014).

[4] See General Statutes § 31-249b.

[5] Although the court's remand order was interlocutory in nature, we conclude that it was a final judgment for purposes of appeal. "A trial court may conclude that an administrative ruling was in error and order further administrative proceedings on that very issue. In such circumstances, we have held the judicial order to be a final judgment, in order to avoid the possibility that further administrative proceedings would simply reinstate the administrative ruling, and thus would require a wasteful second administrative appeal to the Superior Court on that very issue. *Schieffelin & Co.* v. *Dept. of Liquor Control,* 202 Conn. 405, 410, 521 A.2d 566 (1987)." (Internal quotation marks omitted.) *Ray* v. *Administrator, Unemployment Compensation Act,* 133 Conn. 527, 532 n.3, 36 A.3d 269 (2012).

We conclude that the present case presents a situation where the administrator's ruling was held to be in error and further administrative proceedings on that very issue are necessary. Thus, the decision of the Superior Court constituted a final judgment for the purpose of this appeal. See *Belica* v. *Administrator, Unemployment Compensation Act,* 126 Conn. App. 779, 784 n.8, 12 A.3d 1067 (2011).